UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Andrew Bruntjen Esq., | Case No. 20-cv-1832-MJD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Raffles Van Exel, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Justin Andrew Bruntjen's Motion for Alternative Service. ECF No. 50. Mr. Bruntjen seeks an order authorizing service on the Defendant Raffles Van Exel by mailing a copy of the summons and complaint in a sealed envelope with postage fully paid via regular mail at Mr. Van Exel's last known home address. As explained below, the motion is denied without prejudice.

**Background**

After filing this case, Mr. Bruntjen retained a process server, Mark Valenti, to serve Mr. Van Exel at a location in Hollywood, California. Mr. Valenti attempted to personally serve Mr. Van Exel at the Hollywood address on five separate occasions between August 29th and October 2nd, 2020. Valenti Decl., ECF No. 52. He was unsuccessful. His declaration indicates that the building is secure, and its directory does not list an occupant for the numbered unit where Plaintiff believes Mr. Van Exel resides. *Id.*

On December 30, 2020, Mr. Bruntjen's attorney, David Madgett, "caused a copy of the summons and complaint, together with a waiver of service to be mailed to Mr. Van Exel via first class mail." Madgett Aff. ¶ 3, ECF No. 51. Mr. Madgett did not receive a response. *Id.* ¶ 4. Mr. Madgett appears to have found the address believed to be Mr. Van Exel's home by referencing a notice of appearance entered on behalf of Mr. Van Exel in another case filed against Van Exel in Jackson County, Mississippi. *Id.*, Ex. A. On April 1, 2021, Mr. Madgett mailed a copy of the summons and

1

complaint to Mr. Van Exel at the same address by certified mail, and a receipt indicates the package was delivered. *Id.* ¶¶ 5–7 & Exs. B–C.

On March 30, 2021, Mr. Madgett sent a copy of the summons, complaint, and a waiver of service to Mr. Van Exel's email address, taken from the same notice of appearance in the Mississippi case. Again there was no response. *Id.* ¶¶ 8–10. Mr. Madgett next contacted Mr. Van Exel's former attorney, Ian M. Bartolos, sending him a copy of the summons and complaint by email and asking him to inquire with Mr. Van Exel about whether Mr. Bartolos could accept service. However, Mr. Madgett received no response by the time the motion for alternative service was filed on April 13, 2021. *Id.* ¶¶ 11–12.

Based on these events, Mr. Bruntjen believes that Mr. Van Exel is evading service. ECF No. 50 at 2. Plaintiff seeks the Court's approval of an alternative means of service, namely, mailing a copy of the summons and complaint to an address in Hollywood. ECF Nos. 49, 50.

### Discussion

Because Mr. Van Exel is an individual living within the United States, service of the summons and complaint is governed by Federal Rule of Civil Procedure 4(e). That Rule provides:

> Unless federal law provides otherwise, an individual … may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A)  delivering a copy of the summons and of the complaint to the individual personally
>
> (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

2

Fed. R. Civ. P. 4(e). A plaintiff may also request that a defendant waive service of process by mailing them a copy of the summons and complaint along with a waiver form under Rule 4(d).

Some of the efforts described in support of Mr. Bruntjen's motion appear to have demonstrated diligent attempts to serve Mr. Van Exel in compliance with the Federal Rules or governing state law. Had they been successful, Mr. Valenti's attempts at personal service would have been effective under Rule 4(e)(2)(A). Similarly, Mr. Madgett's December 30, 2020, mailing of the summons, complaint, and a waiver form also appear to have complied with Rule 4(d). But that effort was unsuccessful too.

Under Rule 4(e)(1), Mr. Van Exel could be served in compliance with Minnesota law or California law, the state where Plaintiff believes Mr. Van Exel resides. Personal service would be effective under either Minnesota or California law, but as noted above, Mr. Valenti was unable to effect personal service. Minn. R. Civ. P. 4.03(a); Cal. Civil Proc. Code § 415.10.[1] But again, it is clear that personal service has not been achieved. These diligent efforts to effect service are certainly relevant to a determination of whether alternative service should be permitted. *See, e.g.*, *Swenson v. Mobilityless, LLC*, Civil Action No. 19-30168-KAR, 2020 WL 2404835, at *2 (D. Mass. May 12, 2020) ("Plaintiffs must show that they have made sufficiently diligent attempts to effect service in compliance with the rules before an order authorizing an alternative method of service is issued by the court.") (quotations omitted).

Nevertheless, for the following reasons, the Court denies Mr. Bruntjen's motion without prejudice. It is not clear to the Court on this record that Plaintiff has accurately located Mr. Van Exel's current residence. Although it is reasonable to believe that attorneys who file a notice of appearance indicating where their client

---

[1] The Court notes that although Mr. Valenti indicated the Hollywood address was a secure building, under California law, a person lawfully serving process is entitled to limited access to a "gated community or a covered multifamily dwelling for a reasonable period of time for the sole purpose of performing lawful service of process" if the person provides proper identification. Cal. Civil Proc. Code § 415.21. California law also allows service of a summons by mail as provided in Cal. Civil Proc. Code § 415.30. However, nothing in the record indicates that Mr. Madgett's mailings to Mr. Van Exel's believed address complied with this provision.

lives will accurately report that information to a court of law, the notice of appearance from which Plaintiff has drawn Mr. Van Exel's address is dated July 30, 2020. The record does not indicate whether Plaintiff reasonably believes Mr. Van Exel still resides at that location, and Mr. Valenti's declaration suggests that the directory at the Hollywood address has no name associated with the unit that Plaintiff believes Mr. Van Exel occupies. Therefore, it is unclear, at this time, whether allowing Plaintiff to send the summons and complaint to Mr. Van Exel at that Hollywood address would, in fact, provide him adequate notice of the lawsuit. Additional efforts to tie Mr. Van Exel to that property may be necessary to demonstrate to the Court that the requested alternative means of service are warranted.

Next, Mr. Bruntjen argues that his request to serve Mr. Van Exel by mail should be granted because Rule 4(e)(1) allows a person to serve in compliance with the law of the state where the district court is located and Minn. Stat. § 518.11 allows service by first class mail or by publication upon a motion satisfying certain conditions. ECF No. 50 at 2–3 (citing Minn. Stat. § 518.11(c)). But § 518.11 is part of Chapter 518, which generally governs only marriage dissolution proceedings. Plaintiff has cited no law indicating that it is applicable to a case like this one. Based on the record before the Court, it is not clear that allowing service by mail would be compliant with Minnesota law for service on an out-of-state resident in a case such as that currently before the Court. Accordingly, without something more indicating that this statute even applies to the situation before the Court, or reference to a statute or rule that *does* apply, alternative service will not be permitted in reliance on Minn. Stat. § 518.11.

Finally, Plaintiff has not discussed any controlling or persuasive case law setting forth the legal standard the Court ought to apply in determining whether alternative service should be permitted under circumstances similar to those present here. The Court is, of course, capable of conducting independent legal research to determine the applicable law, but Plaintiff's memorandum offers no citation to an applicable statue from California or Minnesota or to caselaw supporting the request

Based on the foregoing, the motion is denied, but without prejudice so that Plaintiff can refile the motion if he so chooses. If Plaintiff refiles the motion requesting alternative service, he should: (1) provide a more thorough record that establishes that Mr. Van Exel's current residence is the address where he intends to achieve service by mail (or he may request a different manner of alternative service if

he deems it appropriate and the request is adequately supported); and (2) file a reasoned memorandum of law that cites to authority supporting alternative service under these circumstances.

### *Time for Service*

Mr. Bruntjen filed this case on August 24, 2020. Federal Rule of Civil Procedure 4(m) requires a court to dismiss an action without prejudice against a defendant who is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure. Because Mr. Valenti attempted to personally serve Mr. Van Exel at the address where Plaintiff believes he is located five times within the 90-day period, the Court finds that there is good cause to extend the time for service. Fed. R. Civ. P. 4(m) (requiring extension of the time for service where the plaintiff shows good cause for the failure). The time for service on Mr. Van Exel is extended for 60 days from the date of this Order.

**IT IS SO ORDERED**.

Date:  April 27, 2020

      *s/Katherine Menendez*
      Katherine Menendez
      United States Magistrate Judge