# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Andrew Bruntjen Esq., | Case No. 20-cv-1832-MJD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Raffles Van Exel, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Justin Andrew Bruntjen's Renewed Motion for Alternative Service. ECF No. 55. Mr. Bruntjen seeks an order authorizing service on the Defendant Raffles Van Exel by mailing a copy of the summons and complaint in a sealed envelope to a West Hollywood address believed to be Mr. Van Exel's residence. On April 27, 2021, the Court denied an earlier request by Mr. Bruntjen for authorization of such alternative service, and gave Plaintiff an additional 60 days to achieve serve Mr. Van Exel. ECF No. 53.

In the April 27th Order, the Court explained that Plaintiff did not provide sufficient reason to believe that a mailing to the Hollywood address would provide Mr. Van Exel notice of the lawsuit because it was not clear whether there was any reason to believe Mr. Van Exel still resided there. The Court also noted that the only law cited by the Plaintiff in support of the request was an inapplicable Minnesota statute governing marriage dissolution proceedings. In denying the motion without prejudice, the Court gave the following instructions regarding any renewed motion:

> If Plaintiff refiles the motion requesting alternative service, he should:
> (1) provide a more thorough record that establishes that Mr. Van Exel's current residence is the address where he intends to achieve service by mail (or he may request a different manner of alternative service if he deems it appropriate and the request is adequately supported); and
> (2) file a reasoned memorandum of law that cites to authority supporting alternative service under these circumstances.

1

ECF No. 53 at 4–5.

Mr. Bruntjen's renewed motion for alternative service on Mr. Van Exel does not address the areas of concern highlighted by the Court in its April 27th Order. In support of the motion, Plaintiff states only that "Defendant Raffles continues to be elusive in his efforts to dodge service," and that "Plaintiff has even obtained a refusal of service affidavit of Defendant Raffles in another case matter justifying the need for alternative service." ECF No. 56 at 1. The motion is not accompanied by any additional showing that Mr. Van Exel resides at the address where Plaintiff proposes to mail the summons and complaint. Nor is the motion accompanied by a reasoned memorandum of law that cites to legal authority supporting the renewed request. Moreover, although Plaintiff suggests that a copy of a court filing is attached to counsel's supporting affidavit, no such court filing has been made a part of the electronic record.

Accordingly, the renewed motion is denied without prejudice. If Plaintiff wants to obtain permission to serve Mr. Van Exel by means other than those authorized by the Federal Rules of Civil Procedure, or the law of Minnesota or California pursuant to Fed. R. Civ. P. 4(e)(1), Plaintiff is going to have to do more than simply ask again. Plaintiff must provide support for the request by, at a minimum, complying with the instructions set forth in the Court's April 27th Order. Another motion requesting alternative service that fails to do so will be summarily denied. The deadline for achieving service is extended for an additional 30 days from the date of this Order.

**IT IS SO ORDERED**.

Date: July 6, 2021

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge