UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Justin Andrew Bruntjen, Esq.,

*Plaintiff,*

vs.

Raffles Van Exel; White Wiggins & Barnes, LLP; Ward Allen White IV, Kennedy Lowell Barnes; et. al.

*Defendants.*

Case No. 20-cv-1832 (MJD/KMM)

**PLAINTIFF'S RESPONSES TO WWB DEFENDANTS' INTERROGATORIES (SET I)**

**TO: Defendants White Wiggins & Barnes, LLP; Ward Allen White IV, Kennedy Lowell Barnes and their attorneys of record, M. Gregory Simpson, Esq. and Laura E. Kuipers, Esq., Meagher & Geer, 33 S. Sixth Street, Suite 4400, Minneapolis, MN 55402.**

Plaintiff Justin Andrew Bruntjen, Esq provides the following responses to Defendants White Wiggins & Barnes, LLP; Ward Allen White IV, Kennedy Lowell Barnes (referred to as "WWB Defendants") Interrogatories (Set I).

## PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way

implying that he considers the interrogatory, and responses to the interrogatory, to be relevant or material to the subject matter of this action.

3. A response to an interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

4. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**GENERAL OBJECTIONS**

1. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession,

or from documents or information that Defendant previously produced to Plaintiff, or previously produced by the other defendants to this law suit. Responding to such interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatories is substantially the same or less for Defendant as for Plaintiff.

5. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

**INTERROGATORY 1.** Identify all persons you claim have any knowledge or information, directly or indirectly, concerning the allegations set forth in your complaint. As to each person identified, state a summary of the person's discoverable knowledge or information and whether a written statement (signed or not) or recording was taken of the person.

**RESPONSE:**

| | |
|---|---|
| Ward White, IV<br><br>(no written statement) | Mr. White has knowledge of: his and Mr. Barnes' relationship with Raffles; Raffles attempts to have Alfred terminate Bruntjen; the WWB Defendants conspiring with Raffles to convince Alfred to terminate Bruntjen; WWB Defendants consulting with Raffles on all matters related to Alfred and the Prince estate; WWB Defendants consulting arrangement with Raffles and compensation to Raffles from the Prince estate; communications between WWB defendants, Raffles and Alfred Jackson; WWB Defendants' false statements to Michael Lythcott, Alfred Jackson, Bruce Jackson and Raffles; WWB Defendants communications with Alfred's bank; the spurious Missouri lawsuit filed against Plaintiff; WWB's interference with Plaintiff's contract with Alfred; Alfred terminating WWB's legal representation; and other relevant matters. |
| Kennedy Barnes<br><br>(no written statement) | Mr. Barnes has knowledge of: his and Mr. Whites's relationship with Raffles; Raffles attempts to have Alfred terminate Bruntjen; the WWB Defendants conspiring with Raffles to convince Alfred to terminate Bruntjen; WWB Defendants consulting with Raffles on all matters related to Alfred and the Prince estate; WWB Defendants consulting arrangement with Raffles and compensation to Raffles from the Prince |

| | |
|---|---|
| | estate; communications between WWB defendants, Raffles and Alfred Jackson; WWB Defendants' false statements to Michael Lythcott, Alfred Jackson, Bruce Jackson and Raffles; WWB Defendants communications with Alfred's bank; the spurious Missouri lawsuit filed against Plaintiff; WWB's interference with Plaintiff's contract with Alfred; Alfred terminating WWB's legal representation; and other relevant matters. |
| Justin Bruntjen<br>(no written statement) | Mr. Bruntjen has knowledge of all allegations in the Verified Complaint. |
| Keith Cutler<br>(no written statement) | Mr. Cutler has knowledge of the Missouri lawsuit filed against Plaintiff and of the WWB's alleged relationship with Alfred. |
| James W. Tippin & Associates<br>(no written statement) | James W. Tippin & Assoc. has knowledge of the Missouri lawsuit filed against Plaintiff and of the WWB's alleged relationship with Alfred. |
| James Selmer<br>(no written statement) | Mr. Selmer has knowledge of the Missouri lawsuit filed against Plaintiff and of the WWB's alleged relationship with Alfred. |
| Mark Berg<br>(no written statement) | Mr. Berg has knowledge of the Missouri lawsuit filed against Plaintiff and of the WWB's alleged relationship with Alfred. |
| Raffles Van Exel<br><br>(no written statement) | Mr. Van Exel ("Raffles") has knowledge of: his relationship with WWB defendants; his relationship with Alfred; his attempts to have Alfred terminate Bruntjen; his conspiring with the WWB Defendants to convince Alfred to terminate Bruntjen; WWB Defendants consulting with him on all matters related to Alfred and the Prince estate; his written agreement with WWB Defendants; WWB Defendants consulting arrangement with him and compensation to him from the Prince estate; communications between himself, the WWB defendants, and Alfred Jackson; WWB Defendants' false statements to Michael Lythcott, Alfred Jackson, Bruce Jackson and him; his communications with Alfred's bank and Comerica; his and WWB's interference with Plaintiff's contract with Alfred; his influencing Alfred to terminate Plaintiff as his legal representation; his influencing Alfred to terminate other legal counsel; and, other relevant matters. |
| Bruce Jackson<br><br>(no written statement) | Mr. Jackson has knowledge of Alfred's firing Plaintiff and hiring WWB Defendants, Alfred firing other legal counsel; WWB defendants' false statements that Plaintiff stole Alfred's money; Plaintiff's representation of Alfred; Raffles relationship with Alfred; WWB Defendants' relationship with Alfred; and other relevant matters. |
| Shawn Jackson<br>(no written statement) | Mr. Shawn Jackson has knowledge of Raffles professional and personal relationship with Alfred Jackson. |
| Tyka Nelson | Ms. Nelson has knowledge of Raffles professional and personal relationship with Alfred Jackson. |
| Omar Baker | Mr. Baker has knowledge of Raffles professional and personal relationship with Alfred Jackson. |
| Jo-Ann Geffen<br><br>(no written statement) | Geffen has knowledge of: Raffles relationship with Alfred; her own communications with Comerica related to Alfred and the Prince estate; Raffles using her to get information. |

| | |
|---|---|
| Angela Aycock<br><br>(no written statement) | As representative of Comerica, Mr. Aycock has knowledge of communications regarding Raffles mettling to influence Alfred Jackson to fire Plaintiff; knowledge of Geffen contacting Comerica; her own communications with Raffles; her own communications with Alfred; her communications with Plaintiff. |
| Joseph Cassioppi<br><br>(no written statement) | As counsel for Comerica, Mr. Cassioppi has knowledge of communications regarding Raffles mettling to influence Alfred Jackson to fire Plaintiff; knowledge of Geffen contacting Comerica; his own communications with Raffles; his own communications with Alfred; his communications with Plaintiff; his the estate's "entertainment partners" (presumably Raffles) about Primary Wave's acquisition of an influential interest in Prince's intellectual property. |
| Michael Lythcott<br><br>(no written statement) | Mr. Lythcott has knowledge of Raffles relationship with Alfred; Alfred's loan agreement with Primary Wave; Raffles financial benefit from Alfred's loan from Primary Wave; Alfred's lack of legal counsel when signing agreement with Primary Wave. Mr. Lythcott witnessed WWB Defendants making false statements about Plaintiff stealing Alfred's money. |
| Jacqueline Mishow<br>(no written statement) | Ms. Mishow is a friend of Alfred and has knowledge of Alfred's relationship with Raffles and other relevant matters. |
| Bank employees<br><br>(no written statement) | Identities unknow. Bank employees at Alfred's local bank (Kansas City) have knowledge of WWB Defendants' visiting Alfred's bank with Alfred to view bank statements and transactions in search of the transfer of funds from Plaintiff to Alfred. |
| Leonardo Da Vince Starke<br>(no written statement) | Mr. Starke has knowledge of Raffles' relationship with Aflred and the transfer of Alfred's interest in the Prince Estate to Primary Wave and drafted Alfred's Last Will and Testament naming Raffles as the sole beneficiary. |
| Frank Wheaton<br>(no written statement) | Mr. Wheaton has knowledge of: Raffles relationship with Alfred and Alfred terminating Wheaton as his legal counsel. |
| Corey Martin<br>(no written statement) | Mr. Martin has knowledge of Alfred Jackson terminating WWB as his legal counsel. |
| Judge Kevin E. Eide<br>(no written statement) | Judge Eide has knowledge of Alfred Jackson terminating WWB as his legal counsel. |
| Alfred Jackson<br><br>(written statement in form of affidavit) | Mr. Jackson had knowledge of when he terminated Bruntjen's legal representation; when he hired WWB defendants; when he fired WWB defendants (see Notice of Termination of Counsel and (2) an affidavit signed by Alfred Jackson, both filed in In re the Estate of Prince Rogers Nelson, Court File No.: 10-PR-46, in the State of Minnesota, Carver County, First Judicial District Court Probation Division. Exhibits 13 & 14 to the Verified Complaint.) He had knowledge of his relationship with Raffles and Raffles' undue influence on Alfred and Alfred's siblings; Raffles' relationship with WWB Defendants; the Primary Wave agreement facilitated by Raffles. |

| | |
|---|---|
| Eric Magnuson (no written statement) | Mr. Magnuson has knowledge of Primary Wave's relationship with Raffles and Primary Wave's interest in the Prince estate. |

Discovery and investigation are ongoing. Plaintiff will supplement these responses as more information becomes available and apparent.

**INTERROGATORY 2.** State the basis, and identify all supporting witnesses and documentation, for your contention that the WWB Defendants were not representing Alfred Jackson as his counsel at the time that the lawsuit was filed against you in the U.S. District Court for the Western District of Missouri ("the Missouri lawsuit").

**RESPONSE:** Plaintiff asserts its general objection. The fact that WWB Defendants did not represent Alfred Jackson at the time that the Missouri lawsuit was filed is evidenced by the writings of Alfred Jackson himself, in correspondence from Alfred to WWB defendents in which Alfred terminates WWB's representation (Exhibits 6 & 8 to the Verified Complaint) and in an (1) a Notice of Termination of Counsel and (2) an affidavit signed by Alfred Jackson, both filed in In re the Estate of Prince Rogers Nelson, Court File No.: 10-PR-46, in the State of Minnesota, Carver County, First Judicial District Court Probation Division. (Exhibits 13 & 14 to the Verified Complaint.) Also see response to Interrogatory 1 herein and the Verified Complaint.

**INTERROGATORY 3.** State the basis, and identify all supporting witnesses and documentation, for your contention that the WWB Defendants conspired with Raffles Van Exel to defame you, tortiously interfere with your contract, or tortiously interfere with your prospective economic advantage.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible

evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, See the Verified Complaint and Exhibit and Responses to Interrogatories 1 and 2 herein. Discovery is continuing.

**INTERROGATORY 4.** Identify each and every publication referencing the Missouri lawsuit, including the date and location of such publication.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Plaintiff also objects to this interrogatory as overbroad and unduly burdensome to the extent it asks Plaintiff to identify "each and every publication referencing the Missouri lawsuit." Plaintiff does not and cannot know "each and every publication" that references the Missouri lawsuit. Plaintiff can only know those publications of which he is aware. Without waiving this objection, Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:

1. The Blast.com February 7, 2019
2. The Democratic Undergroud, March 19, 2019
3. Canada Goose, Feb. 7, 2019
4. Twitter post Feb 7, 2019 and January 31, 2020
5. http://legalnews.com/detroit/1495160
6. https://minnlawyer.com/welcome-ad/?retUrl=/2021/03/01/judge-considers-settlements-involving-prince-heirs-estate/
7. https://www.law360.com/articles/1303960/attys-accused-of-defaming-ex-lawyer-for-prince-s-sibling
8. https://www.rhymeswithsnitch.com/2021/03/raffles-van-exel-accused-of-trying-to.html

9. https://www.pacermonitor.com/public/case/26936141/Jackson_v_Bruntjen
10. https://www.law360.com/articles/1324184/ex-atty-for-prince-s-sibling-seeks-to-save-defamation-suit
11. Plaintiff is aware that certain website information pertinent to this request has been taken down.

Discvoery is continuing.

**INTERROGATORY 5.** Identify each employer for whom you have worked during the period of January 1, 2011 to the present, specifying for each the nature of employment, the period for which you were employed, the exact wage, salary or commission that you were earning, and the number of hours worked per day and per week. To the extent that you were self-employed, please provide information regarding your annual income from legal work.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. In addition and subject to his general objections, Plaintiff objects to Interrogatory 5 on the grounds that it is irrelevant, overly broad and unduly burdensome, to the extent that it calls for the information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Plaintiff answers as follows: that Defendant must refer to Request for Production of Documents. Lastly, Plaintiff requires that Defendants discuss narrowing the scope of this Interrogatory and discontinue actions to harass or abuse discovery. Discovery is contining.

**<u>INTERROGATORY 6.</u>** Identify the legal cases that you have handled as an attorney during the period of January 1, 2011 to the present, including the number of cases each year, specifying for each case the type of case handled, in which court the case was located, and the outcome of each case.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. In addition and subject to his general objections, Plaintiff objects to Interrogatory 6 on the grounds that it is irrelevant, overly broad and unduly burdensome, to the extent that it calls for the information that is not reasonably calculated to lead to the discovery of admissible evidence.

**<u>INTERROGATORY 7.</u>** Identify each and every client that you contend that you lost because of the statements made in the Missouri lawsuit.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. In addition and subject to his general objections, Plaintiff objects to Interrogatory 7 on the grounds that it is irrelevant, overly broad and unduly burdensome, to the extent that it calls for the information that is not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff objects because this interrogatory calls for pure conjecture and speculation. It is not the job of the Plaintiff to guess what would have happened in an alternative universe. Without waiving subject objection, Plaintiff continues to investigate WWB's illegal activity. Plaintiff also refers WWB to the damages law model on defamation per se. Discovery is continuing.

**INTERROGATORY 8.** State the exact methodology and calculation of your claimed business income reduction attributable to the Missouri lawsuit.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. In addition and subject to his general objections, Plaintiff objects to Interrogatory 8 on the grounds that it is irrelevant, overly broad and unduly burdensome, to the extent that it calls for the information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Plaintiff claims general damages as allowed by Minnesota defamation per se law as follows: Under a defamation per se claim, a plaintiff is not required to prove actual harm to reputation. Specifically, where defamation per se is proven, a jury must decide the amount of money a plaintiff is entitled to receive for "general damages" in the following categories: 1) Harm to reputation and standing in the community; 2) mental distress; 3) humiliation; and 4) embarrassment. No evidence of actual harm is required. CIV JIG 50.50 (Presumed Damages); *Longbehn*, 727 N.W.2d at 161 (holding that where a statement is defamatory per se, general damages are presumed, and a plaintiff may recover without any proof of actual harm) (citation omitted).

***Recent Jury Verdicts in Defamation Cases:***

Juries are given great latitude in determining damages in defamation per se cases. Below are examples of recent jury verdicts in defamation cases across the country and in Minnesota.

**$5 Million:** In *Government Micro Strategies, Inc. v. Jackson*, 271 Va. 29 (2006), the jury awarded plaintiff in a per se defamation case $5 million in compensatory damages, which award was upheld on appeal. (statement that former CEO's mismanagement caused former employer to lose money which, in turn, was the basis for former CEO's termination was not opinion) *Government Micro Resources, Inc. v. Jackson*, 271 Va. 29 (Va. 2006).

**$1.8 Million:** Jesse Ventura, a former Navy SEAL, former professional wrestler, former Governor of Minnesota and current television and radio personality and host, claimed he suffered libel and slander defamation damages as a result of a false story/account as written by defendant Chris Kyle in his American Sniper book. The jury found in favor of Ventura on the defamation claim, awarding him $500,000 and found in favor of Ventura on the unjust enrichment claim, awarding Ventura $1,345,477.25. *Governor Ventura V. Kyle, Estate of*, JVR No. 1408010013

**$1 Million:** A Minnesota jury awarded a holistic healer $1,000,000, finding that her clients and a local television station negligently published false statements that the client almost died because of the healer's advice. The award included compensation for past and future harm to reputation, mental distress, humiliation and embarrassment, past and future loss of earning capacity. *Anderson v. Hubbard Broad.*, 2011 WL 6175690 (2011).

**$274 Million:** In a recent New Hampshire case, the jury award three businessmen (a banker, a real estate developer and a local auto dealer) $274,500,000. (The verdict included $97 million for the auto dealer, $85 million for the banker, and $92.5 million for the developer.) The three professionals claimed the Def., former New Hampshire gubernatorial candidate, defamed them for years on a mortgage company's neon billboards. The large electronic billboard in Manchester, New Hampshire, was close to a popular mall and visible from a busy highway, where the defendant put two words: "Drug Dealer" and "Extortion" along with pictures of them and their names. Plaintiffs claimed that the defendant also used his radio show and website "State of Corruption" to accuse them of dealing drugs and killing children. *Dick Anagnost; Andrew Crews; William Greiner V. Michael Gill*, 17 Or.Lit.Arb.Rpts. 345 (2017).

**$43 Million:** A local bakery filed a civil complaint against Oberlin for libel, slander, interference with business relationships, and interference with contracts. The bakery argued the college supported protests that damaged its reputation and that the college unlawfully broke its contract with the bakery. The jury found in favor of the bakery awarded $43 million in damages, plus $6.5 million in attorneys fees. *Gibson Bros, Inc. v. Oberlin College*, Court of Common Pleas, Lorain Ohio, Court File No. 17-CV-193761 (2017).

**$16 Million:** In February 2010, Allstate informed the Securities and Exchange Commission in a public 10-K form that "some employees" may have timed the execution of trades to enhance their incentive compensation, and that these trades had adversely affected clients' portfolio performance by as much as $91 million. Four employees were fired without cause. The fired traders sued their former employer for claims of defamation and violation of the Fair Credit Reporting Act. The plaintiffs claim that the "some employees" statement clearly applied to them, since they were the only ones singled out and punished after the investigation. The jury awarded the four employees collectively $16 million for the defamation claims. ($7,156,972.00 to plaintiff Rivera; $2,319,531.00 to plaintiff Kensinger; $3,602,317.00 to plaintiff Meacock; $3,438,028.00 to plaintiff Scheuneman) *Rivera v. Allstate Ins. Co.*, 2016 WL 6471527.

**INTERROGATORY 9.** Set forth in detail and with specificity any and all damages that you seek in this lawsuit, specifying each and every item of damage, each and every person known to you or your attorneys to have knowledge of such damage, and each and every document known to you or your attorneys which in any way bears on the and every person known to you or your attorneys to have knowledge of such damage, and each and every document known to you or your attorneys which in any way bears on the damage issues in this lawsuit.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. In addition and subject to his general objections, Plaintiff objects to Interrogatory 9 on the grounds that it is irrelevant, overly broad and unduly burdensome, to the extent that it calls for the information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see answer to Plaintiff's Interrogatory No. 8. Discovery is continuing.

**INTERROGATORY 10.** Set forth in detail the basis for your claim that you have suffered injury including embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, employability, and significant economic loss.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. In addition and subject to his general objections, Plaintiff objects to Interrogatory 10 on the grounds that it is irrelevant, overly broad and unduly burdensome, to the extent that it calls for the information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, after WWB's illegal activities, Plaintiff received multiple concerning calls from family, friends, associates, and others that either expressed concern or utilized the information for their personal gain. WWB defendants further used false information to gain entry into the famous Prince Estate litigation through deceitful actions. Here, Plaintiff was humiliated to be off the case with local attorneys hearing that he allegedly stole money. The Missouri case was referred to by clients and attorneys. Plaintiff seeks damages from WWB and sets out to repair his repuation. Discovery is continuing.

**INTERROGATORY 11.** Identify the terms of any agreement that you had with a third-party regarding an actual or potential loan, investment, expectancy interest, or sale of assets related to Alfred Jackson's inheritance in the Estate of Prince Rogers Nelson. This includes any agreement to "facilitate" such loan, investment, expectancy interest, or sale of assets.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. In addition and subject to his general objections, Plaintiff objects to Interrogatory 11 on the grounds that it is irrelevant, overly broad and unduly burdensome, to the extent that it calls for the information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, none. Discovery is contining.

**INTERROGATORY 12.** Identify all persons you intend to call as a witness at trial.

**RESPONSE:** Plaintiff objects to this question as premature. He has not fully completed discovery and has not completed preparation for trial. Subject to and without waiver of the foregoing objections, see Response to Interrogatory 1 herein.

***AS TO ANSWERS:***

*Justin Bruntjen*
Justin Bruntjen

Subscribed to and swon before me
This___day of________2021.

____________________________
Notary Public

***AS TO FORM AND OBJECTIONS:***

Dated: May 28, 2021

By: */s/ Lee A. Hutton, III*
Lee A. Hutton, III (#0327992)
HUTTON MADGETT, PLLC
333 S. 7th St. Suite 2450
Minneapolis, MN 55402
(612) 805-4619
LHutton@huttonmadgett.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Justin Andrew Bruntjen, Esq.,

*Plaintiff,*

vs.

Raffles Van Exel; White Wiggins & Barnes, LLP; Ward Allen White IV, Kennedy Lowell Barnes; et. al.

*Defendants.*

Case No. 20-cv-1832 (MJD/KMM)

**PLAINTIFF'S RESPONSES TO WWB DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I)**

**TO: Defendants White Wiggins & Barnes, LLP; Ward Allen White IV, Kennedy Lowell Barnes and their attorneys of record, M. Gregory Simpson, Esq. and Laura E. Kuipers, Esq., Meagher & Geer, 33 S. Sixth Street, Suite 4400, Minneapolis, MN 55402.**

Plaintiff Justin Bruntjen for his Response to Defendant's White Wiggins & Barnes, LLP; Ward Allen White IV, Kennedy Lowell Barnes First Set of Requests for Production of Documents states and alleges as follows:

**PRELIMINARY STATEMENT, RESERVATION OF RIGHTS, AND GENERAL OBJECTION**

Plaintiff has not yet concluded its investigation of the facts relating to this case or completed formal discovery. Information and documents may exist responsive to said request of which this answering party does not yet have knowledge or has not yet been located, identified, or reviewed. All of the following responses are therefore based only on such information and documents that are currently known or available to it after a reasonable inquiry. Upon further investigation, Plaintiff reserves the right to alter, amend, or supplement certain facts or information set forth therein.

Plaintiff also reserves the right to object to the admissibility at trial of any item produced in response to these Requests on any legal grounds.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1.** All documents identified in, referred to, or reviewed in preparing your Rule 26(a)(1) initial disclosures.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, the documents used to prepare the Rule 26 a 1 initial disclosure were attached to the disclosure and the complaint. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 2.** All documents that support the allegations in your complaint.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, see documents attached to the Complaint. In addition, please find bate stamp numbers 1-17. Discovery is continuing.

**<u>REQUEST FOR PRODUCTION NO. 3.</u>** All documents identified in, reviewed in preparation of, supporting, or related to your answers to WWB Defendants' first set of interrogatories to you.

**<u>RESPONSE</u>**: Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, see documents attached to the Complaint. See Verified Complaint and the attached Exhibits filed in this matter. **In addition, please refer to the bate stamp numbers 1-17.** Discovery is continuing.

**<u>REQUEST FOR PRODUCTION NO. 4.</u>** All statements made by parties or nonparties concerning the above-captioned action or its subject matter. For the purpose of this request, a statement is: (1) a written statement signed or otherwise adopted or approved by the person making it; or (2) a stenographic, mechanical, electrical or other recording, or a transcription thereof that is substantially a verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, none at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 5.** All communications, including letters, emails, and text messages between you and Michael Lythcott.

**RESPONSE: RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure. .

**REQUEST FOR PRODUCTION NO. 6.** All communications, including letters, emails, and text messages between you and Ward White IV.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, Defendants are already in possession of

these communications. Plaintiff objects that the request seeks documents already in WWB Defendant's possession custody or control. Discovery is contining.

**<u>REQUEST FOR PRODUCTION NO. 7.</u>** All communications, including letters, emails, and text messages between you and Kennedy Barnes.

**RESPONSE: RESPONSE: RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, Defendants are already in possession of these communications. Plaintiff objects that the request seeks documents already in WWB Defendant's possession custody or control. Discovery is contining.

**<u>REQUEST FOR PRODUCTION NO. 8</u>.** All communications, including letters, emails, and text messages between you and Bruce Jackson.

**RESPONSE:**

Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks

information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure.

**<u>REQUEST FOR PRODUCTION NO. 9.</u>** All communications, including letters, emails, and text messages between you and Gregg Walker.

**RESPONSE:**

Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure. .

**<u>REQUEST FOR PRODUCTION NO. 10.</u>** All communications, including letters, emails, and text messages between you and Attorney Frank K. Wheaton.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible

evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure.

**REQUEST FOR PRODUCTION NO. 11.** All communications between you and Primary Wave Music.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving the objections, please find attached discovery. Discovery is contining.

**REQUEST FOR PRODUCTION NO. 12.** All emails and text messages between you and Raffles Van Exel.

**RESPONSE: RESPONSE: RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, Plaintiff is locating emails but states that he had no communication with Raffles after July 2018.Discovery is contining.

**REQUEST FOR PRODUCTION NO. 13.** All communications between you and any third-party regarding an actual or potential loan, investment, or sale of assets related to Alfred Jackson's inheritance in the Estate of Prince Rogers Nelson.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure. .

**<u>REQUEST FOR PRODUCTION NO. 14</u>.** All documents related to any payment(s) received by you from any third-party regarding an actual or potential loan, investment, or sale of assets related to Alfred Jackson's inheritance in the Estate of Prince Rogers Nelson.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection, Plaintiff has attached an invoice to this document request and is locating the only other invoice. Disovery is continuing.

**<u>REQUEST FOR PRODUCTION NO. 15.</u>** All documents relating to the loan at issue in the Missouri lawsuit, including documentation demonstrating the wire information, when the loan disbursement was deposited into Alfred's account, and the related documentation showing when this information was provided to Michael Lythcott, Alfred Jackson, Bruce Jackson, Ward White IV, or Kennedy Barnes.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible

evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection, Plaintiff asserts that Defendants are in possession of this information and if so and did not disclose in their discovery. Plaintiff attempts to locate the email but has attached documents pertaining to this request. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 16.** All documents related to any payment(s) received by you from Michael Lythcott.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, Plaintiff states none. Discovery is contining.

**REQUEST FOR PRODUCTION NO. 17.** All documents related to any payment(s) received by you from Primary Wave.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible

evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, Plaintiff states none.

**REQUEST FOR PRODUCTION NO. 18.** All documents and communications related to an actual or potential trust to be formed in connection with Alfred Jackson's will or estate planning.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure. .

**REQUEST FOR PRODUCTION NO. 19.** All documents related to any claim you submitted in the estate of Alfred Jackson, which was filed in Jackson County, Missouri.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged

transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure. However, Plaintiffs refer to documents that are attainable in a records such that were filed publically in that case. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 20**. All engagement or contractual agreements, including any drafts thereof, you claim to have executed with Alfred Jackson.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff asserts that this request seeks information that contain attorney client coomunications. Plaintiff will not produce information request unless the parties stipulate to a protective order and address naming documents as confidential prior to disclosure.

**REQUEST FOR PRODUCTION NO. 21.** Copies of your federal tax returns for the preceding five (5) years to the present.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Further, this Request seeks attorney client information. Lastly, Plaintiff objects to the timing of the request as over broad, burdensome, harassing, and irrelevant to the four corners of the pleading. Without waiving this objection,Plaintiff is collecting these documents and will supplement upon receipt. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 22.** All communications with TheBlast.com or any other media sources regarding the information about the Missouri lawsuit against you relating to the missing funds.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection, Plaintiff attached an email to the complaint and is in the process of locating other emails. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 23.** All exhibits that you intend to introduce at trial.

**RESPONSE:** Plaintiff asserts its general objection to this Request for Production of Documents. In addition, Plaintiff asserts a specific objection as it seeks a legal conclusion and knowingly misstates facts known to them. Further, Plaintiff objects to this request because it is not relevant and is not calculated to lead to the discovery of admissible evidence. In addition, the request is void with regard to timing, date, and when this alleged transction occurred. Without waiving this objection,Plaintiff has not yet fully identified all exhibits that he plans to introduce at trial and will supplement this request pursuant to the Court's scheduling order.

**HUTTON MADGETT, PLLC**

Dated: May 27, 2021

By: */s/ Lee A. Hutton, III*
Lee A. Hutton, III (#0327992)
333 S. 7th St. Suite 2450
Minneapolis, MN 55402
(612) 805-4619
LHutton@huttonmadgett.com

***Attorneys for Plaintiffs***

MEAGHER+GEER

Minneapolis | Chicago | Phoenix | Bismarck

Laura E. Kuipers
Direct Dial: 612/347-9112
Email: lkuipers@meagher.com

July 20, 2021

*VIA U.S. MAIL and E-MAIL*

Lee A. Hutton, III
The Hutton Firm
333 South 7th Street, Suite 2450
Minneapolis, MN 55402

RE: *Justin Bruntjen v. Raffles Van Exel, White Wiggins & Barnes, LLP et al.*
Court File #: 20-CV-01832
Our File No. 58324-21

Dear Mr. Hutton:

This correspondence is my attempt to meet and confer regarding the proposed protective order without involving the court. On June 21, 2021, I emailed you a proposed stipulation for protective order and a proposed order for your review and approval. I noted my clients' position that a protective order is necessary to protect their former client Alfred Jackson's client confidences under Rule 1.6, and is required before we can produce our documents. No response was received.

I sent follow-up emails to you requesting your response to this stipulation and proposed order on June 28, July 2, July 9, and July 15. I also left you voicemail messages on this issue on June 25 and July 9. I did not receive any response from you until July 15, when you indicated that you would be responding the following day.

However, I still have not received a response from you regarding the proposed stipulation for protective order and proposed order. I have attached an additional copy of the proposed stipulation and order to this letter. I also left you another voicemail message today requesting your response.

**Please contact me by this Thursday, June 22, at noon to discuss this proposed stipulation and order for protective order.** If I do not hear from you by then, I will move forward with a motion to the court to approve the proposed protective order. I look forward to hearing from you.

Very truly yours,

Laura E. Kuipers

LEK/14330222.1/Enclosures

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Justin Andrew Bruntjen, Esq.,

Plaintiff,

vs.

Raffles Van Exel, individually; White, Wiggins & Barnes, LLP, a Texas law firm; Ward Allen White IV, individually; and Kennedy Lowell Barnes, individually;

Defendants.

Case No. 20-CV-1832 (MJD/KMM)

**STIPULATION FOR PROTECTIVE ORDER**

---

The parties stipulate that the court may enter the following protective order:

**1. Definitions.** As used in this protective order:

(a) "attorney" means an attorney who has appeared in this action;

(b) "confidential" means a document or information designated as confidential under this protective order. Documents and information are considered "confidential" when they are not generally available to the public, including documents containing trade secrets, financial information, account numbers, social security numbers, tax records, personal or private data, personnel records, medical information, and other information that people take reasonable efforts to keep confidential. They may also include information classified by the Minnesota Government Data Practices Act, Minn. Stat. 13.01 *et seq.*, as "private data on individuals," "not public," "private," and "confidential." The Court retains the authority to determine whether a

document or information is "confidential" under this stipulation and protective order and whether a document is entitled to be filed a "confidential" with the Court or otherwise treated as "confidential" in court proceedings, including trial.

(c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party; and

(6) any person who:

(A) is retained to assist a party or attorney with this action; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Justin Andrew Bruntjen, Esq. v. Raffles Van Exel, et al.*, case number 20-CV-1833, in the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the

termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. Notwithstanding anything to the contrary, the duty to destroy or return confidential documents does not extend to those confidential documents which are electronically produced or stored. Instead I shall make all reasonable efforts to keep confidential electronic records comprising or regarding information designated as confidential under this protective order.

I declare under penalty of perjury that the foregoing is true and correct.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

(a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with court rules.

(b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly

notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7. Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

**8. Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all confidential documents produced in print; and

(2) notify the disclosing or producing party that it has returned or destroyed all confidential documents produced in print within the 60-day period.

(b) Notwithstanding anything to the contrary in paragraph 8(a), the duty to destroy or return confidential documents does not extend to those confidential documents which are electronically produced or stored. Instead, the parties and others bound by this protective order shall make all reasonable efforts to keep confidential any electronic records comprising or regarding information designated as confidential under this protective order.

(c) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9. Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. All Parties are specifically afforded the

protections of Federal Rule of Evidence 502(d) and (e) for any produced document that is or may reasonably be subject to a legally recognizable privilege (Protected Document). The disclosure or production of Protected Document(s) by a producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving Party, shall in no way constitute the voluntary disclosure of such Protected Document(s), and the inadvertent disclosure or production of any Protected Document(s) in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Protected Document(s) as to the receiving Party or any third parties.

If the producing Party determines it has produced Protected Document(s), the producing Party shall notify the receiving Party of such inadvertent production in writing, identifying the basis for the privilege or protection, and demand the return of such documents. The receiving Party shall respond until the issue is resolved by:

(a) Refraining from reading the Protected Document(s);

(b) Returning, sequestering, or destroying all copies and derivative material of such Protected Document(s) (including extracting the Protected Document(s) from databases where possible); and

(c) Taking reasonable steps to retrieve the information if disclosed to any third party(ies).

If a receiving Party determines that any Protected Document has been disclosed, the receiving Party shall immediately notify the producing Party in writing and take the

steps set forth in subsections (a) to (c) in the preceding sentence until the issue is resolved. Within 10 days of receiving such notice, the producing Party shall inform the receiving Party in writing of its intent to claim privilege and provide a log for such Protected Document(s). The receiving Party may thereafter seek reproduction of any such documents pursuant to applicable law.

10. **Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

Dated:

By: s/____________________
Lee A. Hutton, III (#327992)
HUTTON MADGETT, PLLC
333 S. 7th St., Suite 2450
Minneapolis, MN 55402
Telephone: (612) 805-4619
LHutton@huttonmadgett.com

***Attorneys for Plaintiff Justin A. Bruntjen***

Dated: June 21, 2021

By: *s/ Laura E. Kuipers*
M. Gregory Simpson (#204560)
Laura E. Kuipers (#392301)

MEAGHER + GEER, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone: (612) 338-0661
Facsimile: (612) 338-8384
gsimpson@meagher.com
lkuipers@meagher.com

***Attorneys for WWB Defendants***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Justin Andrew Bruntjen, Esq.,

Plaintiff,

vs.

Raffles Van Exel, individually; White, Wiggins & Barnes, LLP, a Texas law firm; Ward Allen White IV, individually; and Kennedy Lowell Barnes, individually;

Defendants.

Court File No. 0:21-cv-00738-(DSD/TNL)

**PROTECTIVE ORDER**

---

This matter came before the undersigned upon the parties' submission of a joint stipulation for a protective order. Based upon the files, records, and proceedings herein, and being duly advised in the premises,

IT IS HEREBY ORDERED THAT:

**1. Definitions.** As used in this protective order:

(a) "attorney" means an attorney who has appeared in this action;

(b) "confidential" means a document or information designated as confidential under this protective order. Documents and information are considered "confidential" when they are not generally available to the public, including documents containing trade secrets, financial information, account numbers, social security numbers, tax records, personal or private data, personnel records, medical information, and other information that people take reasonable efforts to keep confidential. They may also include information

classified by the Minnesota Government Data Practices Act, Minn. Stat. 13.01 *et seq*., as "private data on individuals," "not public," "private," and "confidential." The Court retains the authority to determine whether a document or information is "confidential" under this stipulation and protective order and whether a document is entitled to be filed a "confidential" with the Court or otherwise treated as "confidential" in court proceedings, including trial.

(c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party; and

(6) any person who:

(A) is retained to assist a party or attorney with this action; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Justin Andrew Bruntjen, Esq. v. Raffles Van Exel, et al.*, case number 20-CV-1833, in the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. Notwithstanding anything to the contrary, the duty to destroy or return confidential documents does not extend to those confidential documents which are electronically produced or stored. Instead I shall make all reasonable efforts to keep confidential electronic records comprising or regarding information designated as confidential under this protective order.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

(a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with court rules.

(b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7. Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential shall have the burden of proving that the

information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

**8. Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all confidential documents; and

(2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding anything to the contrary in paragraph 8(a), the duty to destroy or return confidential documents does not extend to those confidential documents which are electronically produced or stored. Instead, the parties and others bound by this protective order shall make all reasonable efforts to keep confidential any electronic records comprising or regarding information designated as confidential under this protective order.

(c) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9. Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If

the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. All Parties are specifically afforded the protections of Federal Rule of Evidence 502(d) and (e) for any produced document that is or may reasonably be subject to a legally recognizable privilege (Protected Document). The disclosure or production of Protected Document(s) by a producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving Party, shall in no way constitute the voluntary disclosure of such Protected Document(s), and the inadvertent disclosure or production of any Protected Document(s) in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Protected Document(s) as to the receiving Party or any third parties.

If the producing Party determines it has produced Protected Document(s), the producing Party shall notify the receiving Party of such inadvertent production in writing, identifying the basis for the privilege or protection, and demand the return of such documents. The receiving Party shall respond until the issue is resolved by:

(a) Refraining from reading the Protected Document(s);

(b) Returning, sequestering, or destroying all copies and derivative material of such Protected Document(s) (including extracting the Protected Document(s) from databases where possible); and

(c) Taking reasonable steps to retrieve the information if disclosed to any third party(ies).

If a receiving Party determines that any Protected Document has been disclosed, the receiving Party shall immediately notify the producing Party in writing and take the steps set forth in subsections (a) to (c) in the preceding sentence until the issue is resolved. Within 10 days of receiving such notice, the producing Party shall inform the receiving Party in writing of its intent to claim privilege and provide a log for such Protected Document(s). The receiving Party may thereafter seek reproduction of any such documents pursuant to applicable law.

**10. Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11. Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

BY THE COURT:

Dated: ________________________

____________________________
Katherine Menendez
United States Magistrate Judge

MEAGHER+GEER
Minneapolis | Chicago | Phoenix | Bismarck

M. Gregory Simpson
Direct Dial: 612/337-9672
Email: gsimpson@meagher.com

Laura E. Kuipers
Direct Dial: 612/347-9112
Email: lkuipers@meagher.com

August 12, 2021

*VIA U.S. MAIL*

Lee A. Hutton, III
The Hutton Firm, PLLC
333 South 7th Street, Suite 2450
Minneapolis, MN 55402

RE: *Justin Bruntjen v. Raffles Van Exel, White Wiggins & Barnes, LLP et al.*
Court File #: 20-CV-01832
Our File No. 58324-21

Dear Mr. Hutton:

I am writing regarding Plaintiff's discovery responses. Several of Plaintiff's responses are deficient and fail to meet the requirements set forth in Fed. R. Civ. P. 33, 34, and 36. Our clients WWB Defendants request that you supplement your answers and responses to correct these deficiencies.

## I. Plaintiff's Answers to WWB Defendants' Interrogatories

### A. Interrogatory No. 3

Interrogatory number 3 sought the basis, including all supporting witnesses and documentation, for Plaintiff's contention that WWB Defendants conspired with Mr. Van Exel to defame Plaintiff, tortiously interfere with his contract with Alfred Jackson, or tortiously interfere with his prospective economic advantage. Plaintiff objected to this request as not relevant and void as to timing and date. The request relates to the time frame alleged in Plaintiff's complaint. This request is relevant because it directly asks for the support for three of Plaintiff's alleged claims against WWB Defendants.

In response, Plaintiff just referenced the Complaint generally, "exhibits" though none were attached to the Complaint filed in federal court, and Plaintiff's responses to WWB Defendants' first two interrogatories. This is nonresponsive because Plaintiff references every person identified that may have knowledge about anything alleged in the Complaint. Please identify your specific support, including the supporting witnesses and documentation, for your claims of defamation, tortious interference with contract, and tortious interference with prospective economic advantage against WWB Defendants.

**B. Interrogatory No. 5**

Interrogatory number 5 sought Plaintiff's identification of information relating to his employment from 2011 to present, including his employers, relevant time period of employment, amount earned, and number or hours worked. Plaintiff objected to this interrogatory on relevance grounds, as well as other several other inapplicable objections. To the contrary, this information is directly relevant as to whether Plaintiff has sufficiently demonstrated his claims of loss of employment, lost earnings, future earnings, and other damages claims. If so, the information is thereby necessary as to the computation of Plaintiff's alleged damages.

Plaintiff responded "Defendant must refer to Request for Production of Documents." Presumably, Plaintiff intended to refer to the documents produced in response to WWB Defendants' Request for Production of Documents. However, in the 17 pages of documents produced, Plaintiff did not produce any information that is responsive to Interrogatory No. 5.

Please supplement this answer by providing the information requested and any supporting documentation.

**C. Interrogatory No. 6**

Interrogatory number 6 sought identification of cases handled by Plaintiff as an attorney from 2011 to present, including the number of cases per year, the type of case handled, the court in which the case was located, and the outcome of each case. Plaintiff asserted numerous objections but did not answer the interrogatory. He contended that the requested information was not relevant. However, the information requested is directly relevant to WWB Defendants' analysis of Plaintiff's liability and damages claims.

WWB Defendants are entitled to discovery of evidence that might refute Plaintiff's claims. Please provide the information requested in Interrogatory number 6.

**D. Interrogatory No. 7**

Interrogatory number 7 requested Plaintiff to identify each and every client that he contends he lost because of the statements made in the Missouri lawsuit. Plaintiff objected to this interrogatory on numerous grounds, including that it is irrelevant and calls for speculation. It is relevant because Plaintiff claims that the statements in the Missouri lawsuit caused damage to his professional and business reputation and caused him financial damages, including lost future earnings. WWB Defendants are entitled to discover Plaintiff's support for such claims.

Additionally, Plaintiff's answer to this interrogatory is non-responsive. Please provide the information requested in Interrogatory number 7.

**E. Interrogatory No. 8**

Interrogatory number 8 requested Plaintiff to state the methodology and claimed business income reduction attributable to the Missouri lawsuit (and the allegedly defamatory statement therein). Plaintiff objected and claimed he did not have to prove his actual harm to reputation. However, Plaintiff has specifically allegedly that he experienced "significant economic loss in the form of lost earnings and future earnings." Plaintiff raised these issues, now WWB Defendants are entitled to discover the support for such claims.

Please provide the information requested in Interrogatory number 8.

**F. Interrogatory No. 9**

Interrogatory number 9 requested Plaintiff to state his claimed damages, as well as the witnesses with knowledge of such damages, and the documents supporting such damages. Along with numerous general objections, Plaintiff again claims that this information is not relevant. But the basis for Plaintiff's damages claims is directly relevant to his claims in this case.

Plaintiff also refers to his Answer to Interrogatory No. 8. As discussed above, such answer is deficient. Such answer refers generally to numerous jury verdicts in defamation cases, which is not responsive to Interrogatory No. 9. It also states that Plaintiff is claiming general damages, but he still does not state the amount of general damages claimed, the witnesses with knowledge of such damages, or the documentation supporting such damages. Accordingly, Plaintiff's answer to Interrogatory number 9 is non-responsive.

Please provide the information requested in Interrogatory number 9.

**G. Interrogatory No. 11**

Interrogatory number 11 requested Plaintiff to identify the terms of any agreement with a third-party regarding an actual or potential loan, investment, expectancy interest, or sale of assets related to Alfred Jackson's inheritance in the Estate of Prince Rogers Nelson. Plaintiff objected to this interrogatory and responded "none," indicating that no such agreements exist. However, it is our understanding that such a loan was how the Missouri lawsuit arose: Plaintiff facilitated a loan for Alfred Jackson with a third-party based on Alfred's expectancy interest in the Prince estate, and Alfred's lack of receipt of his third disbursement of such loan led to the Missouri lawsuit. It is our understanding that Plaintiff received compensation for his facilitation of such loan.

Please identify the terms of this agreement and any other information as requested in Interrogatory No. 11.

## II. Plaintiff's Responses to WWB Defendants' Requests for Documents

Plaintiff's responses to WWB Defendants' document requests are equally deficient. Each of Plaintiff's responses include numerous, inapplicable general objections. Requests 1, 2, 3, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 are relevant, discoverable, and proportional to the needs of the case for the same reasons discussed, above. Please produce these documents immediately. Further, please provide a privilege log regarding any documents withheld on the basis of privilege.

As an initial matter, we did not receive any documents attached to Plaintiff's initial Rule 26(a)(1) disclosures, and Plaintiff's complaint filed in federal court did not have any exhibits attached.

Additionally, the parties have now stipulated to a protective order and addressed naming documents as confidential prior to disclosure. Please produce any documents that were previously withheld while awaiting this protective order.

Moreover, it is not clear how communications between Plaintiff and Michael Lythcott; Plaintiff and Bruce Jackson; Plaintiff and Gregg Walker; or Plaintiff and Primary Wave could contain attorney-client communications. Plaintiff's communication with these third parties cannot constitute an attorney-client communication, and if such parties were involved with Plaintiff's communication with his attorney, the privilege does not apply to such communications.

Further, Plaintiff's response to Request No. 12 for emails and text messages between Plaintiff and Mr. Van Exel states that he is locating emails but had no communication with Mr. Van Exel after July 2018. Please produce any emails and text messages with Mr. Van Exel.

***

We request that you supplement and provide the responsive answers to interrogatories and produce all responsive documentation **by August 23, 2021**. Please consider this as our good-faith attempt to confer in an effort to secure the discovery that is responsive to WWB Defendants' discovery requests before seeking court intervention. If you have any questions, we would be happy to discuss these issues further.

Very truly yours,

M. Gregory Simpson
Laura E. Kuipers
MGS/LEK/eg/14490276

Enclosure

MEAGHER+GEER

Minneapolis | Chicago | Phoenix | Bismarck

M. Gregory Simpson
Direct Dial: 612/337-9672
Email: gsimpson@meagher.com

Laura E. Kuipers
Direct Dial: 612/347-9112
Email: lkuipers@meagher.com

September 15, 2021

*VIA U.S. MAIL (courtesy copy via email)*

Lee A. Hutton, III
The Hutton Firm, PLLC
333 South 7th Street, Suite 2450
Minneapolis, MN 55402

RE: *Justin Bruntjen v. Raffles Van Exel, White Wiggins & Barnes, LLP et al.*
Court File #: 20-CV-01832
Our File No. 58324-21

Dear Mr. Hutton:

I am writing to follow up regarding Plaintiff's supplementation of his deficient discovery responses and document production. As discussed in our August 12, 2021 letter, several of Plaintiff's responses are deficient and fail to meet the requirements set forth in Fed. R. Civ. P. 33, 34, and 36. Our clients, WWB Defendants, request that Plaintiff supplement his answers and responses to correct these deficiencies detailed in our letter. We did not receive any supplementation by our deadline of August 23, 2021.

We spoke by phone on August 30, 2021 for our meet and confer regarding Plaintiff's discovery responses. During that phone conference, you stated that Plaintiff would provide supplemental written discovery responses and document production in response to our deficiency letter. To date, we have not received any supplemental written discovery responses or documents.

Please provide the responsive discovery responses and produce all responsive documentation **by next Monday, September 20, 2021**. Please consider this as our good-faith attempt to confer in an effort to secure the discovery that is responsive to WWB Defendants' discovery requests before seeking court intervention.

Additionally, we would like to take Plaintiff's deposition in early October. Please provide Plaintiff's availability and your availability for Plaintiff's deposition within the first two weeks of October. This requested timeframe for Plaintiff's deposition assumes that we will have Plaintiff's supplemental discovery responses and documents by Monday, September 20. If Plaintiff's supplemental responses and documents are not received by September 20, we may need to postpone Plaintiff's deposition further.

Further, we intend to schedule the depositions of Bruce Jackson and Michael Lythcott for October. We intend to conduct these depositions via remote video-conferencing. Please provide your availability for these depositions in October.

Lastly, we are preparing for our supplemental document production pursuant to the protective order. We intend to produce these documents to you by this Friday, September 17.

We look forward to hearing from you regarding your availability for depositions in October.

Very truly yours,

M. Gregory Simpson
Laura E. Kuipers
MGS/LEK/14582178.1

**Laura E. Kuipers**

| | |
|---|---|
| **From:** | Laura E. Kuipers |
| **Sent:** | Thursday, September 23, 2021 3:34 PM |
| **To:** | lhutton@thehuttonfirm.com |
| **Cc:** | Gregory Simpson |
| **Subject:** | RE: Address Change [MG-Legal.58324.00021] |

Good afternoon Lee,

I left you a voicemail message regarding this matter. Please call me to discuss your availability (as well as that of your client) for depositions in October. Also, please advise when we will receive Plaintiff's supplemental discovery responses and doc production, as requested in my August 12 letter and as discussed during our August 30 meet and confer.

Thanks,

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

**From:** lhutton@thehuttonfirm.com
**Sent:** Wednesday, September 22, 2021 10:47 AM
**To:** Laura E. Kuipers
**Subject:** Address Change

CAUTION: EXTERNAL SENDER

Laura:

Please note that my office suite is 1110 and not 2450. We received mail dated September 15, 2021 but it was just received yesterday with an arbitrary timeline to provide answers.

Thank you.

THE HUTTON FIRM

**Lee A. Hutton, III**
Managing Partner
333 South Seventh Street
Suite 1110
Minneapolis, Minnesota 55402
Phone: 612-805-4619

## Laura E. Kuipers

**From:** Laura E. Kuipers
**Sent:** Friday, September 24, 2021 11:02 AM
**To:** lhutton@thehuttonfirm.com
**Cc:** Gregory Simpson
**Subject:** RE: Agreement to informal dispute resolution process before MJ Menendez on discovery issues? Bruntjen v. WWB et al. [MG-Legal.58324.00021]

Lee:

I am very sorry to hear about your son's medical condition. I hope that it is able to be resolved quickly and that he recovers well.

I will look forward to speaking with you about this on Monday. However, please be advised that I intend to let the Magistrate Judge know of our discovery dispute during the status conference next week. If you are agreeable to the process, we will plan on addressing the dispute through her IDR process; but if not, we will plan on filing a motion to compel the discovery responses and documents.

Best wishes to you and your family.

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

---

**From:** lhutton@thehuttonfirm.com
**Sent:** Friday, September 24, 2021 10:38 AM
**To:** Laura E. Kuipers
**Cc:** Gregory Simpson
**Subject:** RE: Agreement to informal dispute resolution process before MJ Menendez on discovery issues? Bruntjen v. WWB et al. [MG-Legal.58324.00021]

**CAUTION: EXTERNAL SENDER**

---

Laura:

I have been in the hospital with my son dealing with a lung collapse. I can't talk or deal with this until Monday.

THE HUTTON FIRM

**Lee A. Hutton, III**
Managing Partner
333 South Seventh
Street
Suite 1110
Minneapolis, Minnesota
55402
Phone: 612-805-4619

**From:** Laura E. Kuipers <lkuipers@meagher.com>
**Sent:** Friday, September 24, 2021 10:34 AM
**To:** lhutton@thehuttonfirm.com
**Cc:** Gregory Simpson <gsimpson@meagher.com>
**Subject:** Agreement to informal dispute resolution process before MJ Menendez on discovery issues? Bruntjen v. WWB et al. [MG-Legal.58324.00021]

Good morning Lee,

Given that we have been unable to resolve our discovery dispute, because I have not yet received Plaintiff's response to our deficiency letter and supplemental responses and documents, **are you agreeable to addressing this issue with Magistrate Judge Menendez using her informal dispute resolution process?** (Please see the process as described in p. 3 of the attached Pretrial Scheduling Order.) It would be the most cost-effective, efficient way for us both to resolve this issue. Ideally, we would be able to discuss this issue with Magistrate Judge Menendez during our status conference scheduled for next Wednesday. Please let me know.

I also look forward to hearing from you regarding your availability for depositions in October.

Thanks,

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

**From:** Laura E. Kuipers
**Sent:** Thursday, September 23, 2021 3:34 PM
**To:** 'lhutton@thehuttonfirm.com' <lhutton@thehuttonfirm.com>
**Cc:** Gregory Simpson <gsimpson@meagher.com>
**Subject:** RE: Address Change [MG-Legal.58324.00021]

Good afternoon Lee,

I left you a voicemail message regarding this matter. Please call me to discuss your availability (as well as that of your client) for depositions in October. Also, please advise when we will receive Plaintiff's supplemental discovery responses and doc production, as requested in my August 12 letter and as discussed during our August 30 meet and confer.

Thanks,

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

---

**From:** lhutton@thehuttonfirm.com <lhutton@thehuttonfirm.com>
**Sent:** Wednesday, September 22, 2021 10:47 AM
**To:** Laura E. Kuipers <lkuipers@meagher.com>
**Subject:** Address Change

CAUTION: EXTERNAL SENDER

---

Laura:

Please note that my office suite is 1110 and not 2450. We received mail dated September 15, 2021 but it was just received yesterday with an arbitrary timeline to provide answers.

Thank you.

THE HUTTON FIRM

**Lee A. Hutton, III**
Managing Partner
333 South Seventh Street
Suite 1110
Minneapolis, Minnesota 55402
Phone: 612-805-4619

NOTICE: The foregoing message (including all attachments) is covered by the Electronic Communications Privacy Act,18 U.S.C. Sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY-CLIENT or other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error; then delete it. The U.S. Treasury Department requires us to advise you that this written advice is not intended or written by our firm to be used, and cannot be used by any taxpayer, for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code. Written advice from our firm relating to Federal tax matters may not, without our express written consent, be used in promoting, marketing or recommending any entity, investment plan or arrangement to any taxpayer, other than the recipient of the written advice. Thank you.

MEAGHER+GEER

Minneapolis | Chicago | Phoenix | Bismarck

M. Gregory Simpson
Direct Dial: 612/337-9672
Email: gsimpson@meagher.com

Laura E. Kuipers
Direct Dial: 612/347-9112
Email: lkuipers@meagher.com

September 28, 2021

*VIA U.S. MAIL (courtesy copy via email)*

Lee A. Hutton, III
The Hutton Firm, PLLC
333 South 7th Street, Suite 1110
Minneapolis, MN 55402

RE: *Justin Bruntjen v. Raffles Van Exel, White Wiggins & Barnes, LLP et al.*
Court File #: 20-CV-01832
Our File No. 58324-21

Dear Mr. Hutton:

Please see the attached copy of WWB Defendants' privilege log. I am also writing to follow up on my previous emails and letters regarding Plaintiff's supplementation of his deficient discovery responses and supplemental document production. During our August 30, 2021 meet and confer, you said you would be providing this information soon. To date, we have not received any supplemental written discovery responses or documents. Please advise whether you are agreeable to alternative dispute resolution before Magistrate Judge Menendez to resolve this issue.

Also, we have not received any response from you to our requests for your availability for depositions in October. We intend to schedule the depositions of Bruce Jackson and Michael Lythcott for October. Please also provide the availability of your client for a deposition in October. If we do not hear from you regarding your availability for these depositions, we will proceed with scheduling them based on our schedules.

We look forward to hearing from you regarding when we may expect Plaintiff's supplemental discovery responses, your position relating to alternative dispute resolution, and your availability for depositions in October.

Very truly yours,

Laura E. Kuipers

M. Gregory Simpson
Laura E. Kuipers
MGS/LEK/14644508.1

**Laura E. Kuipers**

| | |
|---|---|
| **From:** | Laura E. Kuipers |
| **Sent:** | Monday, October 11, 2021 11:30 AM |
| **To:** | lhutton@thehuttonfirm.com |
| **Cc:** | Gregory Simpson |
| **Subject:** | RE: Bruntjen [MG-Legal.58324.00021] |

Good morning Lee,

I did not see anything come in from you since your email so I am guessing you were unable to resolve your drop box issues. A disk dropped off at our office today would be fine.

Alternatively, our firm does have a secure dropbox (iManage Share) that you could upload documents to, in order to send them to us. If you would like to provide the documents to us that way, please let me know and I will have a link sent to you.

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

---

**From:** lhutton@thehuttonfirm.com <lhutton@thehuttonfirm.com>
**Sent:** Friday, October 8, 2021 8:30 PM
**To:** Laura E. Kuipers <lkuipers@meagher.com>
**Subject:** Bruntjen

**CAUTION: EXTERNAL SENDER**

---

Laura:

We are having difficulty with our drop box. As soon as we fix, the documents we be sent. Otherwise, we will drop off a disk to you on Monday.

THE HUTTON FIRM

**Lee A. Hutton, III**
Managing Partner
333 South Seventh Street
Suite 1110
Minneapolis, Minnesota 55402
Phone: 612-805-4619

**Laura E. Kuipers**

| | |
|---|---|
| **From:** | Laura E. Kuipers |
| **Sent:** | Thursday, October 21, 2021 7:49 AM |
| **To:** | lhutton@thehuttonfirm.com |
| **Cc:** | Karen Douglas; Gregory Simpson |
| **Subject:** | RE: Status of Plaintiff's supplemental discovery responses/doc production? Bruntjen v. WWB [MG-Legal.58324.00021] |
| **Importance:** | High |

Good morning Lee,

We still have not received Plaintiff's supplemental discovery responses or documents. During our phone conference with Magistrate Judge Menendez, you agreed to produce them to us on October 8. It is nearly two weeks later and we do not have the documents.

Please provide these documents to our office by the **end of the day on Friday, October 22**. At this point, we would like to receive them by a flash drive or disk to make sure we can access them. This is our final attempt to resolve this issue without the court's involvement.

If we do not receive them by the end of the day tomorrow, we will need to file a motion to compel the responses with the court early next week.

Sincerely,

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

---

**From:** Laura E. Kuipers <lkuipers@meagher.com>
**Sent:** Monday, October 18, 2021 10:53 AM
**To:** lhutton@thehuttonfirm.com
**Cc:** Karen Douglas <kdouglas@meagher.com>; Gregory Simpson <gsimpson@meagher.com>
**Subject:** RE: Status of Plaintiff's supplemental discovery responses/doc production? Bruntjen v. WWB [MG-Legal.58324.00021]
**Importance:** High

Good morning Lee,

Can you please give us an update on the status of Plaintiff's documents and supplemental discovery responses? We still have not received them. The iManage Share folder is empty.

If you are not able to provide them to us electronically by the end of the day today, please send a courier with a disk or a flash drive with the documents so that we can review them as soon as possible.

Thanks,

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

---

**From:** lhutton@thehuttonfirm.com <lhutton@thehuttonfirm.com>
**Sent:** Thursday, October 14, 2021 7:30 PM
**To:** Laura E. Kuipers <lkuipers@meagher.com>
**Cc:** Karen Douglas <kdouglas@meagher.com>; Gregory Simpson <gsimpson@meagher.com>
**Subject:** RE: Status of Plaintiff's supplemental discovery responses/doc production? Bruntjen v. WWB [MG-Legal.58324.00021]

**CAUTION: EXTERNAL SENDER**

---

Ok. I found the email.

THE HUTTON FIRM

**Lee A. Hutton, III**
Managing Partner
333 South Seventh Street
Suite 2450
Minneapolis, Minnesota 55402
Phone: 612-805-4619

---

**From:** Laura E. Kuipers <lkuipers@meagher.com>
**Sent:** Thursday, October 14, 2021 1:32 PM
**To:** lhutton@thehuttonfirm.com
**Cc:** Karen Douglas <kdouglas@meagher.com>; Gregory Simpson <gsimpson@meagher.com>
**Subject:** Status of Plaintiff's supplemental discovery responses/doc production? Bruntjen v. WWB [MG-Legal.58324.00021]

Good afternoon Lee,

Can I please have an update on the status of these documents? We were unable to open them through Dropbox.

Paul Thorbeck from our office also sent a link to our secure electronic document share system, iManage Share, to you yesterday. We have not received any documents through that method either.

Please either provide the documents to us through iManage Share or provide a disc or flash drive with the documents. Please let us know how and when we may expect them.

Thanks,

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

---

**From:** Karen Douglas <kdouglas@meagher.com>
**Sent:** Wednesday, October 13, 2021 11:23 AM
**To:** lhutton@thehuttonfirm.com
**Cc:** Laura E. Kuipers <lkuipers@meagher.com>
**Subject:** FW: Bruntjen v. WWB [MG-Legal.58324.00021]

Mr. Hutton, I am Ms. Kuipers' legal administrative assistant.
While we are able to access Dropbox, these documents do not show up on our end.

Do you have an alternative to submitting them through Dropbox?

**Karen Douglas** | Legal Administrative Assistant
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: (612) 371.1324 | FAX: 612.338.8384
kdouglas@meagher.com | meagher.com

**From:** lhutton@thehuttonfirm.com
**Date:** October 12, 2021 at 5:28:45 PM CDT
**To:** "Laura E. Kuipers" <lkuipers@meagher.com>
**Subject: Bruntjen v. WWB**

**CAUTION: EXTERNAL SENDER**

---

Laura:

Please find the updated supplemented documents.

Please let me know if you are unable to open the link.

Invoices (Confidential).pdf (dropbox.com)

https://www.dropbox.com/home/Client%20Files%20-%20Active/Bruntjen%2C%20Justin/Bruntjen%2C%20Justin/00526-Bruntjen/4.%20Discovery/2.%20Defendant's%20%20Discovery/Outgoing%20-%20Plaintiffs%20Responses?preview=BRUN_000018-BRUN_000705++-+RPD+to+WWB+Defendants.pdf

Let me know if you have any questions.

THE HUTTON FIRM

**Lee A. Hutton, III**
Managing Partner
333 South Seventh Street
Suite 1110
Minneapolis, Minnesota 55402
Phone: 612-805-4619

---

**From:** iManage Share <no-reply@imanageshare.com>
**Sent:** Friday, September 17, 2021 10:45 AM
**To:** lhutton@thehuttonfirm.com
**Subject:** Folder Share Notification from Meagher & Geer, PLLP

Paul Thorbeck has invited you to access the collaboration folder **58324-00021 Kuipers to Hutton re Bruntjen v. WWB Prod 002**.

You have 30 days to accept this invitation and activate your account.

**Accept & Activate**

iManage.com | Privacy | iManage Share Login

Disclaimer: This message, including any links and attachments, may contain information that is proprietary, privileged and/or confidential and is intended exclusively for the person(s) to whom it is addressed. If you are not the intended recipient or have received this message in error, please notify the sender immediately by reply email and permanently delete the original transmission from the sender, including any links and attachments, without making a copy.

© 2021 iManage LLC

Powered by

NOTICE: The foregoing message (including all attachments) is covered by the Electronic Communications Privacy Act,18 U.S.C. Sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY-CLIENT or other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error; then delete it. The U.S. Treasury Department requires us to advise you that this written advice is not intended or written by our firm to be used, and cannot be used by any taxpayer, for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code. Written advice from our firm relating to Federal tax matters may not, without our express written consent, be used in promoting, marketing or recommending any entity, investment plan or arrangement to any taxpayer, other than the recipient of the written advice. Thank you.

**Laura E. Kuipers**

| | |
|---|---|
| **From:** | Laura E. Kuipers |
| **Sent:** | Friday, October 29, 2021 8:38 AM |
| **To:** | 'lhutton@thehuttonfirm.com' |
| **Cc:** | Gregory Simpson |
| **Subject:** | Update re: depositions, including cancellation of this morning's Zoom depo of Bruce Jackson - Bruntjen v. Raffles Van Exel, et al. [MG-Legal.58324.00021] |
| **Attachments:** | Letter to Hutton re Plaintiff_s depo notice, depo notices and subpoenas for Bruce Jackson and Michael Lythcott.PDF |

Good morning Lee,

Please be advised that the Zoom deposition of Bruce Jackson will not be going forward this morning because we have been unable to serve Bruce Jackson with the subpoena to date. We will also be cancelling the 11/4 deposition of Michael Lythcott for the same reason.

Moreover, we will likely need to postpone the deposition of your client scheduled for November 8 because we still have not received the supplemental discovery responses and document production. Please be advised that we will also be filing a motion to compel Plaintiff's discovery responses with the court shortly, because we still have not received Plaintiff's supplemental discovery responses or document production.

Laura

**Laura E. Kuipers** (she/her) | Attorney
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402
DIRECT: +1 612.347.9112 | FAX: +1 612.877.3140
lkuipers@meagher.com | meagher.com | vCard | Bio

---

**From:** Amy J. Ditty <aditty@meagher.com>
**Sent:** Friday, October 8, 2021 3:29 PM
**To:** lhutton@thehuttonfirm.com
**Subject:** Bruntjen v. Raffles Van Exel, et al. [MG-Legal.58324.00021]

Mr. Hutton:

Good afternoon. On behalf of Laura E. Kuipers please find attached a courtesy copy of correspondence that was forwarded to you by U.S. Mail today.

Thank you,
Amy Ditty

MEAGHER+GEER®

**Amy J. Ditty** | Legal Administrative Assistant to M. Gregory Simpson
Meagher + Geer, P.L.L.P.
33 South Sixth Street, Suite 4400 | Minneapolis, Minnesota 55402

DIRECT: +1 612.371.1309 | FAX: +1 612.338.8384
aditty@meagher.com | meagher.com

**Offices in Minneapolis, Chicago, Phoenix, Los Angeles, and Bismarck**

---

NOTICE: The foregoing message (including all attachments) is covered by the Electronic Communications Privacy Act,18 U.S.C. Sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY-CLIENT or other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error; then delete it. The U.S. Treasury Department requires us to advise you that this written advice is not intended or written by our firm to be used, and cannot be used by any taxpayer, for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code. Written advice from our firm relating to Federal tax matters may not, without our express written consent, be used in promoting, marketing or recommending any entity, investment plan or arrangement to any taxpayer, other than the recipient of the written advice. Thank you.