MEAGHER+GEER®
Minneapolis | Chicago | Dallas | Phoenix | Los Angeles | Bismarck

M. Gregory Simpson
Direct Dial: 612/337-9672
Direct Fax: 612/877-3138
Email: gsimpson@meagher.com

January 18, 2022

U.S. Magistrate Judge Hildy Bowbeer
United States District Court
316 N. Robert Street
St. Paul, MN 55101
Bowbeer_chambers@mnd.uscourts.gov

**VIA ECF FILING AND EMAIL**

Re: Bruntjen v. Van Exel et al., Case No. 20-cv-01832-MJD-HB

Dear Judge Bowbeer:

I represent defendant White, Wiggins & Barnes, LLP and two of its former attorneys, Ward White and Kennedy Barnes (collectively "WWB"). This letter is filed under authority of your text order issued January 10, 2022 (ECF Doc. 87), following the status conference on that date, which states:

> Plaintiff will complete his supplementation by the end of the day. Defendants will promptly review the production and will file a letter no later than Tuesday, January 18, 2022 (or one week after Plaintiff completes the supplementation, whichever is later), stating whether all issues raised by their Motion to Compel (ECF No. [69]) have been resolved and they are withdrawing the motion, or identifying any disputes that remain unresolved and proposing a plan for supplementing the briefing as to those remaining disputes so they can be resolved by the Court. Defendants' counsel will notify the Court by email if Defendants' letter will be filed later than January 18, 2022.

Plaintiff did in fact serve supplemental responses to WWB's interrogatories on January 10, 2022. Plaintiff had previously served a total of 867 pages of documents in response to WWB's requests for production. After review of plaintiff's supplemental responses, the following items sought in WWB's motion to compel (ECF Doc. 69) remain outstanding:

**I. Interrogatories.**

As an initial matter, the supplemental interrogatory answers are not signed by the plaintiff under oath, as required by Fed. R. Civ. P. 33. In addition, the following specific deficiencies remain:

**Interrogatory No. 3**: WWB's motion sought supplementation of plaintiff's response to Interrogatory No. 3, which generally asked for information supporting plaintiff's allegation that WWB conspired with Raffles Van Exel. (*See* ECF Doc. 71 at p. 9). The supplemental response repeats the conclusory allegations in the Complaint but does not identify any specific facts supporting them. It names witnesses who will supposedly support the allegations but does not state what facts each witness possesses. It references documents supposedly supporting the allegations but does not identify them by Bates number or otherwise precisely enough to determine which documents are intended to be responsive. In short, the supplemental response gives no meaningful information as to how plaintiff intends to meet his burden of proof on the allegation of conspiracy.

**Interrogatory No. 5**: WWB's motion sought supplementation of plaintiff's response to Interrogatory No. 5, which requested plaintiff's employment and earnings history for purposes of evaluating his claim of lost business income. (*See* ECF Doc. 71 at p. 10). The supplemental response provides an hourly pay rate for the period 2011-2012, a monthly pay rate for the period 2012-2013, and a range of gross annual earnings figures for the period 2013 to present. It does not provide plaintiff's annual income from legal work in any particular year, as had been requested.

**Interrogatory Nos. 8 and 9:** WWB's motion sought supplementation of plaintiff's response to Interrogatory Nos. 8 and 9, which requested detail of plaintiff's claimed business income reduction claim and every other item of special damages, i.e., damages which are not general damages or presumed damages for *per se* defamation. (*See* ECF Doc. 71 at p. 11). The supplemental response gives no facts in support of claimed business loss or special damages.

**Interrogatory No. 11**: WWB's motion sought supplementation of plaintiff's response to Interrogatory No. 11, which requested information about plaintiff's agreement with a third-party to borrow money related to Alfred Jackson's inheritance share of the Estate of Prince Rogers Nelson. The supplemental response states that two engagement letters are responsive, but those letters have not been identified or produced.

**II. Requests for Production.**

As a threshold matter, plaintiff had agreed to produce a log listing any documents withheld under a claim of privilege; no log has been produced. As to plaintiff's substantive response to WWB's requests, the issues raised by WWB's motion to compel are not yet resolved.

WWB served a set of requests for production with 23 distinct requests. Plaintiff's written responses made boilerplate objections to every request and the production itself consisted of 17 pages. After WWB moved to compel, plaintiff produced another 850 pages. After reviewing the supplemental production, in conjunction with the boilerplate objections embedded in each of plaintiff's written responses, it is not clear which categories plaintiff has responded to fully, which categories he refuses to respond to fully on the basis of his objections, and which categories he simply has no responsive documents to produce.

In certain categories of requests, it is clear that responsive documents exist but have not been produced. For example, Request No. 20 sought plaintiff's fee agreement with his supposed client, Alfred Jackson; his written response consists of boilerplate objections and an apparent concession that something will be produced, but no fee agreement has been produced. Similarly, Request No. 21 seeks five years of plaintiff's tax returns, and plaintiff's written response consisted of objections followed by an agreement to produce them, yet no tax returns are included in the production.

In short, it is impossible to determine what plaintiff's position is with respect to each request: whether any and all responsive documents have been produced; whether any responsive documents exist at all; whether plaintiff is standing on any of his boilerplate objections; and whether privilege is being claimed as to any responsive documents.

**III. Proposal for Supplemental Briefing.**

The Court requested that the undersigned "propos[e] a plan for supplementing the briefing as to those remaining disputes so they can be resolved by the Court." We propose the following:

1. As to WWB's interrogatories, we ask that the Court direct plaintiff to either supplement Interrogatory No. 3 with detailed factual information supporting the allegation of conspiracy between WWB and Van Exel or withdraw the allegation. As to Interrogatory Nos. 5, 8 and 9, we propose that the Court instruct plaintiff to either provide the requested information supporting a claim for lost income and other special damages or withdraw the claim. As to Interrogatory No. 11, we propose that the Court instruct plaintiff to supplement his response in the manner we have requested.

2. As to WWB's requests for production, we ask that the Court direct plaintiff to serve a supplemental written response to each request which (1) identifies what has been produced in response to that category by Bates number; and (2) specifically states whether anything responsive to the request is being withheld based on the objections. If privilege is claimed, a log must be provided in conformity with Fed. R. Civ. P. 26(b)(5).

3. After receipt of plaintiff's second supplemental responses to WWB's interrogatories and requests for production, WWB asks that it be given a reasonable

amount of time to review the responses and to submit supplemental briefing on its pending motion to compel, to the extent it is not made moot by plaintiff's second effort at supplementation.

4. Finally, regarding timing, the Court is aware that the fact discovery deadline was recently extended 60 days and now expires on February 17, 2022. Depositions have been postponed because written discovery and document production is incomplete. Thus, time is of the essence.

Thank you for your attention to this matter.

Very truly yours,

MEAGHER + GEER, P.L.L.P.

M. Gregory Simpson

M. Gregory Simpson

14908716.1

cc: Lee Hutton, Esq. via ECF and email