SOUTH SEVENTH STREET
SUITE 1110,
MINNEAPOLIS, MN 55402
P: (612) 805-4619
F: (888) 588-1434

THE HUTTON FIRM

LEE A. HUTTON, III, ESQ.
LHUTTON@THEHUTTONFIRM.COM

ADMITTED IN STATE COURT OF MINN., U.S. CT. D. MINN., STATE COURT OF NEW YORK, & UNITED STATES SUPREME COURT

January 21, 2022

U.S. Madistrate Judge Hildy Bowbeer
United States District Court
316 N. Robert Street
St. Paul, 55101
Bowbeer_chambers@mnd.uscourts.gov

Re: Bruntjen v. Van Excel et. al., Case No. 20-CV-01832-MJD-HB

Dear Judge Bowbeer:

I represent Justin Bruntjen in response to the January 18, 2022 correspondence to your court. This letter responds to your text order dated January 19, 2022.

> **TEXT ONLY ORDER in Response to [89] Letter to Magistrate Judge. The Court is in receipt of Defendants' letter dated January 18, 2022 (ECF No. [89]), regarding issues raised in the WWB Defendants' Motion to Compel (ECF No. [69]) that Defendants contend remain outstanding following Plaintiff's supplementation of his discovery responses. IT IS HEREBY ORDERED that Plaintiff must file a responsive letter no later than January 21, 2022, stating as to each issue raised in Defendants' letter whether Plaintiff will further supplement the response/s or production as demanded (or, in the case of Interrogatory No. 3, will withdraw the allegation of conspiracy between the WWB Defendants and Van Exel), or stands on the responses and production already made. To the extent Plaintiff agrees to further supplement the response/s or production as to one or more issues, that supplementation must be completed no later than January 26, 2022. Plaintiff is further ordered to serve verified interrogatory answers, as required by Fed. R. Civ. P. 33(b)(5), no later than January 26, 2022. IT IS FURTHER ORDERED that no later than February 3, 2022, the WWB Defendants must file either a supplemental brief identifying and addressing any unresolved issues or a letter stating that all issues have been resolved and the Motion to Compel (ECF No. [69]) is withdrawn. If the former, the Court will conduct a hearing by Zoom on February 16, 2022, at 3:00 p.m. Defendants shall file an amended notice of hearing and proposed order with their supplemental brief. Plaintiff's brief in response must be filed no later than February 10, 2022. Ordered by Magistrate Judge Hildy Bowbeer on 1/19/2022.(LNP)**

Plaintiff address each item of concern raised by the Defendants and defends the contention that Plaintiff have not been diligent in their discovery.

To begin, Defendants never mention to the court that Plaintiff's responses totaled 145 pages. Plaintiff even ventured to answer and response to questions that ask for all cases Plaintiff worked on since 2015 naming clients and nature of the case. Without burdening the court with unnecessary and abusive motion practice, Plaintiffs logged their objection to the Interrogatory and made more than a good faith attempt to answer the Interrogatory.

## RESPONSES TO INTERROGATORY

**Interrogatory No.3:** Defendant state that Plaintiff failed to identify specific facts support the conspiracy allegation "but does not state what facts each witness possesses". However, Defendants' Interrogatory asked:

> **"State the basis, and identify all supporting witnesses and documentation, for your contention that the WWB Defendants conspired with Raffles Van Exel to defame you, tortiously interfere with your contract, or tortiously interfere with your prospective economic advantage."**

Here, Defendant seeks judicial intervention for information not articulated in their Interrogatory request. For instance, Interrogatory #3 only requests to list all supporting witness and document the contention that WWB Defendants conspired with Raffles Van Exel. Defendant did not request to state what facts the witnesses knew. Moreover, Plaintiff asked in Interrogatory #1 the following:

> **"Identify all persons you claim have any knowledge or information, directly or indirectly, concerning the allegations set forth in your complaint. As to each person identified, state a summary of the person's discoverable knowledge or information and whether a written statement (signed or not) or recording was taken of the person."**

Defendants make no issue with Plaintiff answer which requires all knowledge and information. Plaintiff identified 23 individuals and stated what they believed they knew about all allegations including the conspiracy claim.

Nevertheless, Plaintiff will supplement.

**Interrogatory No. 5:** Defendant raises an issue that Plaintiff did not state his yearly income in from 2011-present detailing the rate of pay and gross earnings. Defendants request was:

> **"Identify each employer for whom you have worked during the period of January 1, 2011 to the present, specifying for each the nature of employment, the period for which you were employed, the exact wage, salary or commission that you were earning, and the number of hours worked per day and per week. To the extent that you were self-employed, please provide information regarding your annual income from legal work."**

Despite the Interrogatory being irrelevant, Plaintiff answered that he made $14-$15 dollars an hour in 2011-2012. Plaintiff further provided his salary and other income details to the best of his knowledge dating back 10 years. Defendant argues to the court that the requests are deficient because Plaintiff did not list the income "in a range of gross annual earnings". However, this was never requested. Plaintiff detailed his income range from 2013 to present for the average. Regardless that the request is overbroad, Plaintiff in good faith answered the question.

Plaintiff will attempt to supplement but frankly is at a loss of what more information Defendant desires from their significant overbroad request.

**Interrogatory No. 8 and 9:** Plaintiff will attempt to supplement despite providing case law and a multi-page response to Defendant.

**Interrogatory No. 11:** Plaintiff will provide the engagement letter.

## RESPONSES TO PRODUCTION OF DOCUMENTS

Defendant in a general complaint states they are missing tax returns, fee-agreements (Plaintiff believes these are engagement letters), and stated that the documents were not organized in categories. Indeed, Plaintiff will locate in their production and/or resend. It should be noted that Defendant's production was not organized. As for the boilerplate objections, Plaintiff made specific objections to requests identified. Similarly, to Defendant, the parties agreed to a protective order which the parties are now subject to follow. Plaintiff will identify and supplement the documents requested. However, the court should be mindful of the overbroad request for 10 years' worth of tax returns.

## PROPOSAL FOR SUPPLEMENTAL BRIEFING

Plaintiff agrees to commit to the request but requests that Defendants identify documents by bate stamp they provided to Plaintiff in their discovery which they did not.

As for the postponed depositions, Defendant fails to properly notify the court that Plaintiff's deposition has been scheduled next week. However, Plaintiff has requested dates in a meet and confer discussion with counsel and have yet to received dates for deposition of his clients. Defendant's attorney commented that one client is traveling in Africa and must appear via Zoom. Plaintiff without issue complied with that request. Unfortunately, Plaintiff has not received dates and requests that Defendant promptly provide dates for his clients.

Sincerely,

*/s/ Lee A. Hutton, III*

Lee A. Hutton, III
LAH/me

Cc: client