**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Justin Andrew Bruntjen, Esq.,

Plaintiff,

vs.

Raffles Van Exel, individually; White, Wiggins & Barnes, LLP, a Texas law firm; Ward Allen White IV, individually; and Kennedy Lowell Barnes, individually;

Defendants.

Court File No. 20-CV-1832 (MJD/HB)

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS**

## INTRODUCTION

Defendants White, Wiggins & Barnes, LLP ("WWB"), Ward A. White IV, and Kennedy L. Barnes (collectively "WWB Defendants") submit this supplemental memorandum in support of their motion to compel [ECF No. 69] in response to the Court's text order directing them to "file either a supplemental brief identifying and addressing any unresolved issues or a letter stating that all issues have been resolved…." [ECF 90]. Plaintiff's discovery supplementation has resolved only one of the issues raised by WWB Defendants' motion. WWB Defendants request that Plaintiff be ordered to promptly remedy the deficiencies identified in this supplemental memorandum. WWB Defendants also seek an award of their reasonable fees incurred in connection with their motion to compel.

## I. RELEVANT FACTUAL BACKGROUND

The history of WWB Defendants' ongoing effort to obtain basic discovery responses from Plaintiff, dating back to service of their interrogatories and requests for production on April 28, 2021, is well-documented by the following items found in the Court's file: WWB Defendants' moving memorandum [ECF 71]; the supporting declaration of Laura Kuipers [ECF 72]; the order of the Court directing the Plaintiff to respond to the motion to compel [ECF 75]; the order of the Court directing counsel to confer and discuss unresolved discovery issues [ECF 81]; the order of the Court directing Plaintiff to provide supplemental discovery and for defendants to send a letter to the Court identifying deficiencies in the response by January 18, 2022 [ECF 87]; the letter to the Court from WWB Defendants dated January 18, 2022 that identified deficiencies in Plaintiff's discovery responses [ECF 89]; and this Court's most recent order on January 19, 2022, directing Plaintiff yet again to supplement his discovery responses no later than January 26, 2022. [ECF 90].

After the Court's order of January 19 [ECF 90], plaintiff filed a letter on January 21, 2022 [ECF 91] in which he promised to supplement his response to Interrogatories 3, 5, 8, 9 and 11 and to provide copies of documents, including tax returns and fee agreements, that had been requested. The deadline imposed by the Court for Plaintiff's discovery supplementation was January 26, 2022. By email received at 1:35 AM on January 27, 2022, plaintiff delivered a letter purporting to be a supplemental response to interrogatories and two PDF documents consisting of retainer agreements between Plaintiff and Alfred Jackson. *See* Declaration of M. Gregory Simpson [filed 2/3/2022] Exhibits A (email and letter from L. Hutton dated 1/27/2022). The retainer agreements

that were included with the January 27 letter resolved one of the outstanding discovery issues, namely Plaintiff's failure to respond to Interrogatory 11. Plaintiff's deposition was taken later that day, on January 27, 2022. The deposition did not resolve any of the issues remaining in this motion, although Plaintiff did verbally confirm the accuracy of his interrogatory responses based on his "trust" in his lawyer.

## II. ARGUMENT

The following discovery deficiencies, identified in WWB Defendants' letter of January 18, 2022, have not been addressed.

### A. Interrogatories.

As an initial matter, the supplemental interrogatory answers are not signed by the plaintiff under oath, as required by Fed. R. Civ. P. 33. The Court's order of January 19, 2022 states: "Plaintiff is further ordered to serve verified interrogatory answers, as required by Fed. R. Civ. P. 33(b)(5), no later than January 26, 2022." To date, Plaintiff has not complied with this directive.

In addition, all of the following specific deficiencies identified in WWB Defendants' letter of January 18 (quoted in block form) remain unresolved:

> **Interrogatory No. 3**: WWB's motion sought supplementation of plaintiff's response to Interrogatory No. 3, which generally asked for information supporting plaintiff's allegation that WWB conspired with Raffles Van Exel. (*See* ECF Doc. 71 at p. 9). The supplemental response repeats the conclusory allegations in the Complaint but does not identify any specific facts supporting them. It names witnesses who will supposedly support the allegations but does not state what facts each witness possesses. It references documents supposedly supporting the allegations but does not identify them by Bates number or otherwise precisely enough to determine which documents are intended to be responsive. In short, the supplemental

> response gives no meaningful information as to how plaintiff intends to meet his burden of proof on the allegation of conspiracy.

Interrogatory 3, quoted in full at ECF 71 p. 9, asked Plaintiff to "state the basis, and identify all supporting witnesses and documentation," for the conspiracy contentions. "Identify" was defined, with respect to documents, to mean document type, date, title, author, and so forth. Plaintiff's January 26 supplemental response merely rehashes Plaintiff's unsubstantiated and conclusory beliefs, plucked from the allegations of the Complaint. The cumulative response to Interrogatory 3 does not identify a single witness or document or fact in support of the contention that a conspiracy existed between Raffles Van Exel and WWB Defendants.

> **Interrogatory No. 5**: WWB's motion sought supplementation of plaintiff's response to Interrogatory No. 5, which requested plaintiff's employment and earnings history for purposes of evaluating his claim of lost business income. (*See* ECF Doc. 71 at p. 10). The supplemental response provides an hourly pay rate for the period 2011-2012, a monthly pay rate for the period 2012-2013, and a range of gross annual earnings figures for the period 2013 to present. It does not provide plaintiff's annual income from legal work in any particular year, as had been requested.

Interrogatory 5, quoted in full at ECF 71, p. 10, sought wage information for each year over the preceding 10 years. Plaintiff appears to be claiming damages including loss of business revenue, so information regarding his historical revenue volume is obviously relevant to test that claim. Plaintiff's original response consisted of objections and a reference to unspecified documents. His supplemental response provides an estimate of his gross yearly pay for 2011 and 2012, but nothing for the period from 2013 to present. During his deposition, plaintiff confirmed that he had tax returns for some, but not all, of

the years requested, but has not provided them. In short, this information exists but has not been produced.

> **<u>Interrogatory Nos. 8 and 9</u>:** WWB's motion sought supplementation of plaintiff's response to Interrogatory Nos. 8 and 9, which requested detail of plaintiff's claimed business income reduction claim and every other item of special damages, i.e., damages which are not general damages or presumed damages for *per se* defamation. (*See* ECF Doc. 71 at p. 11). The supplemental response gives no facts in support of claimed business loss or special damages.

These interrogatories, quoted in full at ECF 71 pp. 11-12, sought detail on Plaintiff's business income reduction claim. His original response consisted entirely of objections. His supplemental response states that he "continues to attempt to calculate the damages…." Discovery is about to close, and Plaintiff has yet to provide a single fact supporting his claims for loss of wages and other special damages.

**B. Requests for Production.**

In addition to the above, Plaintiff has not remedied the deficiencies in his response to WWB Defendants' requests for production, as narrowed in the letter to the Court dated January 18, 2022.

**1. Privilege Log.**

As a threshold matter, WWB Defendants requested, and Plaintiffs agreed to provide, a privilege log listing documents that Plaintiff is withholding on grounds of privilege. That has not been supplied; nor has Plaintiff withdrawn the privilege objection.

**2. Removal of Boilerplate Objections.**

Second, WWB Defendants objected to Plaintiff's use of impenetrable boilerplate objections in his responses to each of the requests, on the basis that they rendered it impossible to tell whether documents are being produced or withheld, and if withheld, why.

**3. Missing Documents.**

Finally, WWB Defendants pointed out some categories of documents in which responsive documents clearly existed, but had not been produced. Two examples were (1) Plaintiff's fee agreements with Alfred Jackson; and (2) five years of tax returns. Plaintiff did in fact produce the fee agreements on January 27, but he has not produce a single tax return. During his deposition Plaintiff claimed he had not filed some tax returns due to "procrastination" but at least three years of requested tax returns do apparently exist. Plaintiff's supplemental response merely states: "The tax return documents are being gathered." These were first requested in *April of 2021.*

**III. Proposed Remedy.**

WWB Defendants request that Plaintiff again be ordered to supplement his discovery responses and document production, as detailed above. However, at this stage of the litigation, with discovery having been extended and now set to close on February 17, 2022, receipt of the outstanding information may come too late to assist WWB Defendants in preparing for trial. Plaintiff's deposition has been taken, and no factual basis for his claim of conspiracy between Raffles Van Exel or for his damages claim for lost business income has emerged. Learning the factual basis for these contentions now, at essentially the end of the discovery

phase, could prejudice WWB Defendants because there would be no opportunity to investigate. Therefore, WWB Defendants wish to alert the Court that, depending on what Plaintiff ultimately produces, additional remedies may be needed to alleviate the prejudice resulting from Plaintiff's delays in responding to discovery.

In addition, WWB Defendants request that the Court require Plaintiff to pay its reasonable expenses incurred in making this motion. *See* Fed. R. Civ. P. 37(a)(5).

## CONCLUSION

For the reasons set forth herein, WWB Defendants request that the Court order full responses to the discovery requests identified in this supplemental memorandum, and award them their reasonable attorneys' fees.

Dated: February 3, 2022 By: *s/ M. Gregory Simpson*

M. Gregory Simpson (#204560)
Laura E. Kuipers (#392301)
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661
gsimpson@meagher.com
lkuipers@meagher.com

14950944.1