***UNITED STATES DISTRICT COURT***
***DISTRICT OF MINNESOTA***

Justin Andrew Bruntjen, Esq.,

*Plaintiff,*

vs.

Raffles Van Exel; White Wiggins & Barnes, LLP; Ward Allen White IV, Kennedy Lowell Barnes; et. al.

*Defendants.*

Case No. 20-cv-1832 (MJD/KMM)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

## INTRODUCTION

Plaintiff Justin Bruntjen ("Bruntjen") submits this memorandum in opposition to [Defendants collective request for motion to compel [ECF No. 69] in response to the Court's text order directing them to "file either a supplemental brief identifying and addressing any unresolved issues or a letter stating that all issues have been resolved…" [ECF 90]. Indeed, Plaintiffs' discovery and supplementation have been above and beyond. Plaintiff made no issue with Defendants overburdensome requests. Plaintiff have ventured to supplement the discovery without objections to the very overbroad and burdensome requests. Plaintiff rejects Defendants' request for fees.

## I. ARGUMENT.

Plaintiff provided more than 145-page answer to Defendants Interrogatories. See Affidavit of Lee A. Hutton, III, Supplemental Answers. Defendant fails attach those responses. Plaintiff argues the following:

### A. Interrogatories.

***Interrogatory No. 3.***

Defendants state that the Interrogatories are not signed under oath. At Plaintiff's deposition (transcript not finalized), Defendant's counsel asked about the veracity of the answers. Plaintiff responded that he participated in preparation of the documents and answers. The undersigned counsel requested to use Defendant's counsel pen for Plaintiff to execute the documents and Defendant's counsel refused. The Deposition was taken prior to January 26, 2022.

The more pertinent issue is Defendant's request for supplementation of Interrogatory No.3. The Interrogatory No. 3, quoted in full at ECF 71 p. 9, requests "state the basis, and identify all supporting witnesses and documents," for the conspiracy contentions. Plaintiff listed to the best of his knowledge the conspiracy based on the information he had at the time.

Currently, Defendants have been requesting Plaintiff to list all possibilities of the conspiracy claim and those with knowledge. Defendants knew that Plaintiff was unaware of Defendants' email dated October 29, 2018 at the time of the complaint and at the time of discovery responses were due that strategizes working with Raffles Van Excel to approach more heirs of the estate. *See Defendant's Production Document 328.*

Defendants knew that the other heirs to the Prince estate were represented by counsel. Indeed, Defendants who were not yet licensed to practice law in Minnesota sought to work with Raffles Van Excel not only to improperly poach Plaintiff's client but also discussed poaching other clients from other attorneys.[1] The nexus is connected and begs the question as to why a self-identified reputable firm would associate with the likes of Raffles Van Excel. Furthermore, Plaintiff took on significant expense trying to serve Raffles. In a close hearing, Defendants' counsel was asked if he were to assist in locating Raffles but claimed that it was not Defendants'

---

[1] Raffles Van Excel is a self-identified con artist.

responsibility to find him. Here, Defendants have been and continue to be in contact with Raffles Van Excel. The attempt to dismiss the conspiracy claim is disingenuous. Interestingly, Defendants' motion is silent as to the knowledge they already possessed regarding the conspiracy claim.

Plaintiff's interrogatories identify the individuals that have knowledge of the conspiracy including Raffles Van Excel, the Defendants themselves, and the deceased client. Unfortunately, the Plaintiff does not have access to documents that underscore a conspiracy to steal the client or to file knowingly false statements in the Missouri court.

Relevant to this motion, Defendants claim that Interrogatory #3 is deficient because it does not cite to documents in Plaintiff possession. However, Plaintiff cites to the detailed complaint and exhibits attached to the complaint that name the parties and actions associated with the conspiracy claim. Of course, Plaintiff does not have the details and the extent of the conspired actions by way of all documentation. But Defendants do! Plaintiffs have provided what he and cannot produce no more.

***Interrogatory No. 5***

Defendants also take issue with Answers to Interrogatory No. 5. The Interrogatory requests:

> **INTERROGATORY 5. Identify each employer for whom you have worked during the period of January 1, 2011 to the present, specifying for each the nature of employment, the period for which you were employed, the exact wage, salary, or commission that you were earning, and the number of hours worked per day and per week. To the extent that you were self-employed, please provide information regarding your annual income from legal work.**

Defendants claim that taxes were requested is not accurate. Plaintiff did testify at his deposition that he did not file taxes for some of the years. Plaintiff provided responses with his gross salary and has no pay stubs going back several years.

Ultimately, the claims are defamation per se in which the actual business loss is not relevant to the allegation of damages. Plaintiff thoroughly provided their calculation of damages and information relevant to this request.

***Interrogatory No. 8 and 9***

> **Interrogatory No. 8: State the exact methodology and calculation of your claimed business income reduction attributable to the Missouri lawsuit.**
>
> **Interrogatory No. 9: Set forth in detail and with specificity all damages that you seek in this lawsuit, specifying each and every item of damage, each and every person known to you or your attorneys to have knowledge of such damage, and each document known to you or your attorneys which in any way bears on the and every person known to you or your attorneys to have knowledge of such damage, and each and every document known to you or your attorneys which in any way bears on the damage issues in this lawsuit.**

Defendant points to the original responses but fail to show the court the lengthy response to their Interrogatories. As such, they are attached. Again, the Plaintiff have answered this request in multiple way and Plaintiff answered questions in the deposition.

**B. Requests for Production.**

**a. Privilege Log.**

Defendants raise issue with the lack of a privilege log but points to no document that Plaintiff has claimed privilege or did not provide. The Defendants received all documents that were responsive to the document request.

**b. Removal of Boilerplate Objections.**

Defendant is raising issue that has no bearing to this motion. Plaintiffs has every right to object and if the court reviews the request the court will see that there are few objections. Even further, Defendants asserts boilerplate objections and were deficient in areas of their production, but Plaintiff chose not to burden this court. Defendants suggest that documents are withheld but cannot point to any document.

**c. Missing Documents.**

Defendants point to 2 documents that are missing out of the 800 plus documents they received. First, Defendants suggest that 5 years of tax returns are intentionally being withheld. Defendants' counsel inquired about these documents at Plaintiff's deposition. Plaintiff stated that he did not have tax returns for some of the years requested. Plaintiff also testified that he is attempting to locate the years that he believes he has obtained.

Defendants also point to fee agreements. Defendants are in possession of the fee agreements in their production. Plaintiff was even deposed with these fee agreements that became part of the deposition exhibits.

## CONCLUSION

Defendants' motion really boils down to Defendants' displeasure with Plaintiff's responses and missing tax documents. As such, Defendant's request for attorney's fees while constantly mentioning in hearings insurance companies that are paying their bill. Frankly, there is no prejudice or any justification for the current motion. In fact, Plaintiff has been significantly accommodating. If necessary, Defendants' request is more appropriate at the motion in liminie state of litigation.

Defendants were unsuccessful with their motion to dismiss this case already and now attempt to encourage this court to rid the conspiracy claim even though Defendants are in control of this evidence. Defendants request for dismissal is not appropriate for this motion.

Dated: February 9, 2022

*By: s/Lee A. Hutton, III*

Lee A. Hutton, III (#0327992)
THE HUTTON FIRM
333 S. 7th St., Suite 2450
Minneapolis, MN 55402

Telephone: (612) 805-4619
LHutton@thehuttonfirm.com

***Attorneys for Plaintiff Justin A. Bruntjen***